May Term, 1858.

HOWARD *v.* THE STATE on the relation of VAWTER.

The act of 1855 (ch. 11) "to fix the commencement of the terms of certain county officers, and to render the same uniform," conflicts with § 2 of art. 6 of the constitution, and is therefore void.

HOWARD
v.
THE STATE.

| 10 | 99 |
| 135 | 131 |

| 10 | 99 |
| 151 | 563 |
| 151 | 564 |
| 151 | 565 |
| 151 | 570 |

| 10 | 99 |
| 163 | 163 |

| 10 | 99 |
| 171 | 629 |

APPEAL from the *Benton* Circuit Court.

*Monday, May 24.*

DAVISON, J.—This was a proceeding by writ of mandate against *Howard*, the clerk of the *Benton* Circuit Court. The affidavit upon which the writ is founded alleges, *inter alia*, that one *Theophilus Stembell* was, at the annual election in *October*, 1854, elected treasurer of *Benton* county, for the term of two years, commencing on the 15th of *August*, 1855, and terminating on the 15th of *August*, 1857; that *Stembell* was duly commissioned, &c., as treasurer, and on the 15th of *August*, 1855, commenced the discharge of the duties of that office, and still is acting as such treasurer; that a general election was held in said county, on the second *Tuesday* of *October*, 1856, at which *Vawter*, the relator, was a candidate for treasurer, and, having received a large majority of the votes cast at that election, was duly elected treasurer of said county, and his election to that office was declared by the board of canvassers, and certified to *Howard* as clerk, &c., on the *Thursday* succeeding the election. The affidavit further alleges that *Howard*, as clerk, &c., has failed and refused to make out a statement specifying the number of votes given to *Vawter* for said office, and transmit the same to the secretary of state, &c.

Upon this affidavit, the Court ordered an alternative mandate against *Howard*, commanding him to make out and transmit a statement of the votes cast for *Vawter* as treasurer, &c., to the secretary of state, or to appear and show cause why a peremptory mandate should not issue against him, &c.

The answer to the alternative mandate admits the date of *Stembell's* election, his commission, and the commencement of his term of office, as stated in the affidavit; but alleges that *Howard* did refuse, and still refuses, to make

out and transmit to the secretary of state a statement of the number of votes cast for *Vawter;* because, by an act of the legislature entitled " An act to fix the commencement of the terms of certain county officers, and to render the same uniform," approved *March* 3, 1855, *Stembell* is entitled to hold the office of treasurer until the first *Monday* in *November*, 1857. It asserts that the election of *Vawter* was illegal, and that no legal election could be held for that office until the general *October* election for 1857.

The act referred to provides, first, that the terms of office of the sheriff, treasurer, &c., "shall commence on the first *Monday* of the month of *November* immediately following the general *October* elections, and that any of the above-named officers to be elected hereafter shall hold their offices until the first *Monday* of *November* aforesaid, according to their respective terms." Secondly, " That whenever any of the aforesaid officers shall have been elected at the *October* election of 1854, said election shall be, and is hereby, declared valid, and they shall enter upon the discharge of the duties of said offices at the expiration of the term of the present incumbent, and hold as provided in the first section of this act." Acts 1855, p. 52.

To the answer there was a demurrer sustained, and a peremptory mandate was ordered, &c.

The answer, no doubt construes the act correctly. Under it, the relator could not be entitled to the office on the first *Monday* in *November* immediately following his election; because there was then an incumbent whose term had been by the act itself extended to the first *Monday* of *November*, 1857. Hence, there could not, in view of the act, have been a legal election of a successor to *Stembell* until the second *Tuesday* in *October* immediately preceding the expiration of his extended term. But it is insisted that the act in question conflicts with § 2 of art. 6 of the constitution, and is therefore a nullity; and that, under the general election law of 1852, *Stembell's* term ended on the 15th of *August*, 1857, at which period *Vawter*, having been elected in *October*, 1856, was entitled to the office. 1 R. S. p. 260.

The constitutional provision to which we are referred, is as follows:

" There shall be elected in each county, by the voters thereof, at the time of holding general elections, a clerk of the Circuit Court, auditor, recorder, treasurer, &c. * * * The treasurer, &c., shall continue in office two years; and no person shall be elligible to the office of treasurer, &c., more than four years in any period of six years."

Thus, the term of the office of treasurer is fixed. And though it be conceded that the legislature may have the power to fix the time at which such term shall commence, still, in order to effect that object, they are not authorized either to shorten or lengthen it. This construction is well supported by another provision. Section 2 of art. 15 says: " When the duration of any office is not provided for by the constitution, it may be declared by law;" and thereby clearly implies, that when such duration is limited by the organic law, it cannot be changed by legislation. But the appellant argues thus: " If the legislature have the power to designate the time at which the regular term of the office of treasurer shall commence, and the time fixed would cause a vacancy in that office, they have the power to provide by enactment for the filling of any such vacancy." The answer to this is, that the term being expressly limited by the constitution, the legislature have no power to enact a law which, in its effect, would create a vacancy. It is true, they may provide by general law for the filling of vacancies that may occur; but that purpose is not indicated either in the title or provisions of the act before us. Applied to this case, it affirmatively extends a term of office beyond the limit fixed by the constitution, and must, therefore, be held invalid. We are unanimously of opinion that *Vawter* was entitled to the office upon the expiration of two years from the 15th of *August*, 1855. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Miller*, for the appellant.

*R. C. Gregory, H. W. Chase* and *J. A. Wilstach*, for the state.