———————o———————

## SHANNON v. BAKER, Governor.

| 33 | 390 |
| 151 | 561 |

TITLE TO ELECTIVE OFFICE.— *Contest.*— *Commission.*—A person duly elected by popular vote to an office under the constitution and laws of this State has the right to the possession of such office at the commencement of the term for which he was elected; notwithstanding a contest of such election may be pending; and a commission issued to him after the termination of such contest should be made for the term for which he was elected (commencing, not at the date of the termination of the contest, but at the date at which he was entitled to the possession of the office).

APPEAL from the Marion Circuit Court.

GREGORY, J.—Shannon sued out an alternative mandate against Baker, to compel the issuing of a commission by the latter as Governor, to the former, for the office of clerk of the Laporte Circuit Court for the term of four years from the 10th of May, 1870. The cause was submitted to the court below on an agreed statement of facts. Judgment was rendered against Shannon, from which he appeals.

At the general election of 1868, Shannon the appellant, and one Charles Spaeth were candidates for the office of clerk of the Laporte Circuit Court, Shannon being then the clerk, and his commission extending till May 5th, 1869, and until his successor should be elected and qualified. Shannon was by the board of canvassers declared to be duly elected. Within the proper time, Spaeth contested the elec-

tion on various grounds.   On the 13th of November, 1868, the contest was decided by the board of commissioners in favor of Shannon, and Spaeth appealed to the circuit court. The cause was unavoidably continued in the circuit court until the April term, 1870, when, by agreement of the parties, the appeal was, on the 10th day of May, 1870, dismissed.

On May 17th, 1870, Shannon presented to the Governor a duly certified copy of the record and proceedings, and requested the Governor to commission him for four years from the time of the termination of the contest; which the Governor declined to do, but was willing to issue the commission for four years from the 5th day of May, 1869; and the question in controversy was voluntarily submitted to the court.

The eligibility of Shannon and the good faith of all the proceedings is also admitted.

The question is, when did Shannon's term of office commence under his election in 1868?   It is claimed, that the contest suspended his right to the office during its pendency, and that his term therefore commenced at the termination of the contest.

It seems to be settled, that where the title to an office is derived from popular election, the commission of the executive is not necessary to the right to exercise the duties of such office.   *State, ex rel. Cornwell,* v. *Allen,* 21 Ind. 516; *Glascock* v. *Lyons,* 20 Ind. 1.

This principle seems to be recognized by the code, in which it is provided, that "in every case contesting the right to an office, judgment shall be rendered upon the rights of the parties, and for the damages the relator may show himself entitled to, if any, to the time of the judgment.   If judgment be rendered in favor of the relator, he shall proceed to exercise the functions of the office after he has been qualified as required by law." 2 G. & H. 324, secs. 754–5.

There is no provision in the constitution or laws of this State requiring a commission before a person duly elected

by popular vote can qualify and enter upon the discharge of the duties of an elective office.

The constitution provides, that "whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer; other than a member of the general assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall have been elected and qualified;"—not elected, commissioned, and qualified, but elected and qualified.

It seems clear to us, that, if Shannon was duly elected, at the October election in 1868, clerk of the Laporte Circuit Court, his own successor, he had a right to qualify and enter upon the duties of the office under such election at the expiration of his former term.

Under the act of May 4th, 1852, any elector can contest the election of any person declared elected by popular vote to any office, for whom such elector was entitled to vote. 1 G. & H. 316, sec. 1.

No security or indemnity of any kind is required of such contestor. It is argued, that the thirty-eighth section of the election law suspends the right of a person duly elected to an office of entering upon the discharge of its duties. That section is this: "When any person is elected to an office by the voters of a county, not to be commissioned by the governor, and such election is not contested, the clerk of the circuit court shall, after ten, and within twenty days from the time the board of canvassers have made their return, make out and deliver on demand, to such person, a certificate of his election; and in case where any officer is to be commissioned by the governor, he shall make out a statement under his hand and the seal of his court, specifying the number of votes given to each person for each office, and who has been declared elected, and shall transmit the same by mail to the secretary of state, within the time aforesaid." 1 G. & H. 312.

It is clear to our minds, that there is nothing in this sec-

tion affecting the right to the possession of an office by one having such right. It is not the certificate of the clerk in one case, nor of the commission issued by the governor in the other, that confers the right. Such certificate and commission are only evidence of such right. It may be that the clerk is not bound to issue the certificate, or to certify the state of the vote, in case of contest, as an official duty; but there is nothing in this section which would prevent the person elected from procuring all the evidence in his power, to establish his right even to the commission, and certainly nothing which would prevent him from asserting his right to the office.

We conclude, therefore, that a person duly elected by popular vote, to an office under the constitution and laws of this State, has the right to the possession of such office at the commencement of the term for which he was elected, notwithstanding a contest of such election may be pending.

Shannon's second term commenced, under the agreed state of facts, on the 5th of May, 1869; his voluntary failure to assert his right could not extend the term for which he was elected.

Judgment affirmed, with costs.

*J. B. & W. Niles*, for appellant.

*H. C. Newcomb, J. L. Mitchell,* and *W. A. Ketcham,* ·for appellee.

