The State, *ex rel.* Ault, *v.* Long.

No. 10,865.

## THE STATE, EX REL. AULT, *v.* LONG.

OFFICE AND OFFICER.—*Information for Usurping Office.*—*Eligibility of Relator.*—*Demurrer.*—An information for usurping an elective public office, filed on the relation of one claiming the office by election, is bad on demurrer, if it fail to show that such relator is eligible to the office.

SAME.—*County Recorder.*—*Term of Office.*—*Filling Vacancy by Appointment of One Who Had Theretofore Been Elected to Succeeding Term.*—*Statute Construed.*—A. was elected county recorder at the October election, held in 1878, to fill the four years term commencing November 1st, 1879, and ending November 1st, 1883. B.'s term of office of four years commenced November 1st, 1875, and ended November 1st, 1879; B. resigned November 4th, 1878, and A. was appointed to fill B.'s unexpired term. November 1st, 1879, A. entered upon the term for which he was elected. C. was elected as A.'s successor at the election held November 7th, 1882, and thereupon claimed that A.'s term of office commenced immediately upon the resignation of B., and expired at the end of four years from that date.

*Held*, that the resignation of B. created a vacancy, and that the appointment of A. to fill such vacancy did not alter the length of the term for which he was elected, commencing on the 1st day of November, 1879.

From the Tipton Circuit Court.

*J. T. Cox, M. F. Cox* and *J. M. Fippen*, for appellant.

*D. Waugh, J. P. Kemp, R. B. Beauchamp* and *G. H. Gifford*, for appellee.

BLACK, C.—This was an information under the statute, on the relation of Jesse Ault, against the appellee, John Long, charging him with unlawfully holding against the relator the office of recorder of Tipton county.

The answer of the appellee was, in substance, as follows: At the general election held in said county on the second Tuesday in October, 1874, one Archibald E. Small was duly elected to the office of recorder of said county for the term of office commencing on the 1st of November, 1875, and ending on the 1st of November, 1879. In pursuance of said election he was, by the Governor of the State of Indiana, duly commissioned as such recorder, for said term for which he had been

so elected; and he duly qualified and entered upon the discharge of his duties as such recorder under his said election and commission, at the commencement of his said term of office. At the general election held in said county on the second Tuesday of October, 1878, the appellee, being a resident of said county and eligible to said office, was duly elected to said office by a majority of all the legal votes cast at said election, for the term commencing at the expiration of the term of said Small, November 1st, 1879, and ending on the 1st of November, 1883. In pursuance of his said election the appellee was, by the Governor of the State of Indiana, duly commissioned to said office for the term to which he had been elected, commencing and ending as aforesaid.

On the 4th of November, 1878, said Small, who, until that time, from the commencement of his term as aforesaid, had continued to hold said office and to perform its duties under his said election and commission, resigned his office as recorder of said county, thereby creating a vacancy in said office, whereupon, on the same day, the board of commissioners of said county duly appointed the appellee to fill the vacancy in said office occasioned by the resignation of said Small as aforesaid; and thereupon the Governor of the State of Indiana, in pursuance of said appointment, duly commissioned the appellee as such appointed recorder to fill the vacancy in said office occasioned by said resignation, from said 4th of November, 1878, on which day the appellee duly qualified and entered upon the discharge of the duties of said office in good faith, under his said appointment and commission, and not otherwise. He continued to hold and fill said office in good faith, under his said appointment and commission, and not otherwise, up to the 1st of November, 1879, the time of the commencement of the term of office to which he had been elected and commissioned by his commission to the term of office to which he had been elected. On that day he duly executed his bond as required by law as such recorder, for the term

to which he had been-elected, and said bond was duly approved by the board of commissioners of said county, and thereupon the appellee duly qualified and entered upon the discharge of the duties of said office, under his said election and commission, and for the term to which he had been elected as aforesaid, and not otherwise. He duly qualified and entered upon the discharge of the duties of said office within ten days of the receipt of his commission and commencement of the term of office to which he had been elected as aforesaid, and thereafter he continued to hold said office, and still held it at the commencement of this proceeding; and in his said answer he claimed that he was entitled to continue to hold under his said election and commission until the 1st of November, 1883. It was further alleged that the relator was elected to the office of recorder of said county at the general election held in said county on the 7th of November, 1882, to succeed the appellee in his term of office under his said election and commission, "that is to say, the relator was elected as recorder for the term of office commencing at the expiration" of the appellee's term of office under his said election, as aforesaid, and not otherwise; that the relator, in pursuance of his said election, was duly commissioned, by the Governor of the State of Indiana, to said office, for the term commencing on the 1st of November, 1883; that on the 6th of February, 1883, the relator was duly qualified as such recorder, under his said election and commission, and not otherwise, "and is now demanding and claiming the title to said office. Defendant states the truth to be that the relator's pretended claim to said office at this time is based upon no other facts or consideration than as herein stated. Wherefore he says he is entitled to hold and enjoy the possession and emoluments of said office until the expiration of the term to which he was elected, and demands judgment for his costs."

A demurrer to the answer was overruled, and upon refusal of the plaintiff to plead further, judgment was rendered for

the defendant. The ruling upon the demurrer to the answer has been assigned as error.

The information was insufficient; it did not either aver that the relator was eligible to said office, or state facts showing his eligibility. The omission of such an averment did not merely render the information uncertain or indefinite, so that a motion to make it more specific in its averments would have been an appropriate remedy. The averment of a necessary fact was wholly omitted. *Reynolds* v. *State, ex rel.*, 61 Ind. 392; *State, ex rel.*, v. *Bieler*, 87 Ind. 320. This being true, the information was not cured by the answer, which contained no averment in regard to the eligibility of the relator. Whether the information was otherwise insufficient, as suggested by counsel for the appellee, we need not decide. In view of the insufficiency which we have mentioned, it could not have been error to overrule the demurrer to the answer.

But we have been earnestly requested to examine and decide upon the merits of the real controversy between the parties. The answer was pleaded as a defence, and not as a counter-claim. Among the averments of the information, it was alleged that at the general election held in said county in 1878, the appellee was duly elected, by a majority of all the legal and qualified voters of said county, to the office of recorder in and for said county, for the term of four years. It was also alleged that at the general election held in said county on the 7th of November, 1882, the relator was duly elected by a majority of all the legal and qualified voters of said county, to said office of recorder in and for said county, for the term of four years. The controversy between the parties is not intended by either of them to involve any question as to the legality of the election of the appellee in 1878, or of that of the relator in 1882. The real controversy concerns the effect of Small's resignation upon the term of office to which the appellee was elected in 1878, and we think the merits of this question are with the appellee.

It is contended, on behalf of the relator, that as the appel-

lee was elected before Small resigned, the resignation did not produce a vacancy which could be filled by appointment; that the appellee's term of office under his election then commenced, and he was entitled to the office under his election, and could take it then only by virtue of his election; that he derived no right under said appointment, and was entitled to hold the office for only four years from the 4th of November, 1878, and until his successor was elected and qualified.

Section 2 of article 6 of the Constitution of this State provides that there shall be elected in each county, by the voters thereof, at the time of holding general elections, a recorder, who shall continue in office four years. The ninth section of the same article provides that vacancies in county offices shall be filled in such manner as may be prescribed by law.

The Constitution, article 2, section 14, until that section was amended in 1881, provided that all general elections should be held on the second Tuesday in October. The section, as amended, provides that all general elections shall be held on the first Tuesday after the first Monday in November.

An act of 1869 (Reg. Sess. 57, sec. 1, 1 R. S. 1876, p. 436) provided for the holding of a general election on the second Tuesday of October, 1870, and every second year thereafter, at which all existing vacancies in office, and all offices the terms of which would expire before the next general election thereafter, should be filled, unless otherwise provided by law.

A statute of 1881 (R. S. 1881, sec. 4678) provides, in conformity with said amendment of the Constitution, for the holding of a general election on the first Tuesday after the first Monday in November, in 1882, and biennially thereafter on the same day, at which all existing vacancies in office and all offices the terms of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law.

Section 5929, R. S. 1881, enacted in 1852, provides as follows: "At the general election immediately preceding the expiration of the terms of office of the present incumbents,

and every four years thereafter, there shall be elected in each county a recorder, who shall give bond in the penal sum of two thousand dollars."

Section 5563, R. S. 1881, enacted in 1852, provides that the board of county commissioners shall fill vacancies in county offices, and that " such appointment shall expire when a successor is elected and qualified, who shall be elected at the next" general election proper to elect such officers.

It is the general policy of the law that the elective offices shall have consecutive terms, the duration of which shall be as certain as may be; that when this regular order is broken by a vacancy, the office in which it occurs shall not remain unfilled longer than necessary, but such offices, as far as is possible without disturbance of the regular system of elections, shall be bestowed upon the incumbents by the voters, and an office shall be filled by appointment only until the voters can themselves fill it at a regular election, and when they have thus filled it, the regular order of definite, consecutive terms is restored; and whenever the people by general election bestow an office, the term of which is fixed by the Constitution, it is for such full, regular term thereof, which is one contemplated by the electors when they vote, the future time at which the person elected may qualify and assume his duties as a public servant not being left to accident or caprice, but being ascertained when the election takes place.

When the general election was held on the second Tuesday of October, 1878, there was no existing vacancy in the office of recorder of said county, but a term of office created by the election of Small would expire before the next general election thereafter, to be held in 1880, by the ending, on the 1st of November, 1879, of the four years for which Small was elected. It was the general election immediately preceding the expiration of the term of office of an elected incumbent. It seems plain that said section 1 of said act of 1869, and said section 5929, R. S. 1881, when applied to a case where the office of county recorder is held at the time of

a general election, not by appointment, but through an election, refer to the expiration of four years from the commencement of the term of such incumbent.

If, at the time of the general election of 1878, Small were holding by appointment, it would have been proper to elect his successor at that election, and Small's term by appointment would have expired, without his resignation, when a successor elected at that election should have qualified.

Under the actual circumstances, it was proper to elect Small's successor at that election only because Small's term of four years would expire at a then ascertained time before the next general election. Long's election gave him no right to the office until the expiration of the period for which Small had been elected. The person elected to such an office is required to give bond " within ten days after the commencement of his term of office and receipt of his commission," or the office will be vacant. R. S. 1881, section 5527. The term of office, the commencement of which is here referred to, evidently is the term for which such person is elected. During the interval between his election and the commencement of the term for which he is elected, he is not obliged to be present and keep watch and be prepared to enter on the duties of the office and to give bond, in case the incumbent entitled to hold the office during that interval should at any time in the interval vacate the office. The term for which Long was elected could not be changed by any act of Small. His resignation ended his incumbency, but it could not confer the remainder of his term upon Long or any other person.

It is contended that the law authorizing the board of commissioners to make appointments can not be applied to such a case. As the statute provides that an "appointment shall expire when a successor is elected and qualified, who shall be elected at the next" general election, it is insisted that if the appellee derived title to the office by virtue of the appointment, he would hold under the appointment until the next general election, in 1880, and that then his successor should have been

elected, and the appellee would never have been allowed to hold the office under his election.

It must be admitted that this would be, as the learned counsel for the appellant call it, an absurd consequence.

The absurdity is avoided by construing the particular provision in view of the general policy of the law. Under the general system, Small's resignation created a vacancy, to fill which Long had not been elected. The statute authorized the board to fill all vacancies in county offices. The board might, therefore, fill this vacancy by the appointment of Long or any other eligible person. The further purpose of the statute is to permit the voters of the county to fill the office by election at the earliest time at which it is possible for them to do so at a general election. But if the appointee's successor be already elected at such an election, no election of a successor is needed to give the voters an opportunity to express their choice; and it is not the policy of the law that an appointment shall interfere with the choice of the voters expressed at an election, and such choice will not be interfered with if the appointee hold till the time for the commencement of the term of office already conferred by the voters has arrived and the person already elected has qualified. But that choice would be interfered with if the term given to one person by the voters might be changed by the resignation of another person.

It is in harmony with this statute, taken in connection with other statutory and constitutional provisions on the subject, to say that where a vacancy occurs in the office of county recorder through the resignation of the incumbent, the board of county commissioners shall fill the vacancy, and the appointment shall expire when a successor has been elected and qualified; and if a successor of the resigning officer has properly been elected before the resignation, the appointment shall expire when such resigning officer's term would have expired in regular course, and such elected successor has qualified for the term for which he was elected; and if at the time of such resignation no successor for the resigning officer has been

elected, the appointment shall expire when a successor elected at the next general election after such resignation shall have qualified. See *People, ex rel.,* v. *Potter,* 47 N. Y. 375.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the relator.

Filed Nov. 22, 1883.