Scott v. State, ex rel. Gibbs.

SCOTT v. STATE, EX REL. GIBBS.

[No. 18,475.   Filed December 14, 1898.]

OFFICERS.—*County Treasurer.—Term of Office.—Constitutional Law.* —The act of March 8, 1897 (Acts 1897, p. 288), providing that the "term of county treasurer shall begin on the first day of January next following the term of the present incumbent" is not invalid as extending the term of the incumbent thereof beyond the length of time prescribed by section 2, article 6 of the constitution, as such act adds nothing to the term of the incumbent, but simply postpones and fixes the time when his successor's term of office shall begin. *pp. 556-565.*

SAME.—*County Treasurer.—Term of Office.—Vacancy.—Constitutional Law.*—Where by the act of March 8, 1897 (Acts 1897, p. 288), fixing the terms of county treasurers the time when the treasurer elect takes office is postponed three months beyond the termination of the term of the incumbent, the office does not thereby become vacant, although there is no provision made in the act as to who shall fill the office during such interval, as such incumbent is entitled to hold the office under the provisions of section 3, article 15 of the constitution, "until his successor shall have been elected and qualified." *pp. 557-559.*

OFFICERS.—*County Treasurer.—Term of Office.—Vacancy.*—Where the term of office of a county treasurer ended in September, and the act of March 8, 1897 (Acts 1897, p. 288), fixing the commencement of the term of office of county treasurers January 1, was in force at the time his successor qualified, such successor could not qualify to enter upon any other term than the one commencing on the day fixed therefor in said act, and he was not elected and qualified to enter upon the duties of the office at the expiration of the two years' term of the incumbent thereof. *pp. 560, 561.*

From the Hamilton Circuit Court. *Reversed.*

*Smith & Korbly, Christian & Christian* and *Hawkins & Smith*, for appellant.

*Kane & Kane*, for appellee.

MCCABE, J.—The appellee's relator filed an infor-

mation in the nature of a *quo warranto* against the appellant to try the right of the defendant to the office of treasurer of Hamilton county, Indiana. It appears from the petition, that appellant was elected to, that office at the November election in 1894, afterwards qualified and entered upon the discharge of the duties of said office on September 7, 1895, and that his two-year term of office expired on September 7, 1897. Appellee's relator was elected to said office as the successor of the appellant at the November election in 1896, and on November 14, 1896, was duly commissioned as such treasurer elect. Afterwards he duly qualified as treasurer, by filing his official bond, which was approved by the board of commissioners of Hamilton county on the 9th day of June, 1897, and by taking the oath of office on September 3, 1897. On September 7, 1897, the expiration of the two years for which appellant was elected, he refused to vacate the office of treasurer, claiming that by reason of the passage of the act approved March 8, 1897 (Acts 1897, p. 288), which provided: "That the term of county treasurer shall begin on the first day of January, next following the term of the present incumbent," he was entitled, under the constitution, to hold said office until the latter date. If said act is valid, this claim must be upheld. But the circuit court overruled defendant's demurrer to the complaint setting forth the foregoing facts, holding said act invalid; and, the defendant failing to amend or plead over, the court rendered judgment ousting him from said office, and awarding possession thereof to the plaintiff's relator (appellee). The correctness of this ruling is presented by the assignment of errors as the sole question upon which a reversal of the judgment is sought.

Appellee's learned counsel seek to uphold the rul-

ing of the circuit court on the ground that said act is unconstitutional, in that it lengthens or extends the term of office of Scott beyond two years, conceding that, if said act is valid and constitutional, the ruling of the circuit court was wrong, and its judgment must be reversed. The particular provision of the constitution which it is contended the act quoted violated is section 2 of article 6 which provides that, "There shall be elected, in each county, by the voters thereof, at the time of holding general elections, a * * * treasurer * * *. The treasurer * * shall continue in office two years, * * *." But it is insisted by appellant, and we think correctly, that the act in question does not, and did not, lengthen, or add any time to appellant's term of office. It only provides, "that the term of county treasurer shall begin on the first day of January, next following the term of the present incumbent." And that is all there is of the act, except the enacting clause, the clause repealing conflicting laws, and declaring an emergency. This language adds nothing to the term of the present incumbent. It simply postpones and fixes the time when his successor's term of office shall legally begin. That time happens to be nearly three months after the expiration of Scott's two-year term. Hence it is argued by appellee that, if the act is upheld, there will either be a vacancy in the office created by the act, or Scott's two-year term will be lengthened from September 7, 1897, when it expired, to January 1, 1898, by virtue of the act. But, as before observed, the language of the act clearly does not lengthen or add any time to the present incumbent's (Scott's) term. Nor does the language of the act purport to deprive the present incumbent of the right to hold the office until his successor is elected and qualified; nor does it purport to deprive any per-

son from holding the office from September 7, 1897, the time when the two-year term of the present incumbent expires, until January 1, 1898, the time it fixes for the legal beginning of the term of the successor to the present incumbent.    Though no provision is made in the act as to who shall fill the office during the time between said two dates, a vacancy cannot result from the effect of the act, even if such vacancy would render the act unconstitutional, as contended by appellee's relator, because section 3 of article 15 of the constitution provides that:    "Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified."    Therefore the provision of the constitution first above quoted and relied on by the appellee must be construed to mean, "that county treasurers shall continue in office two years, and until a successor is elected and qualified."    Accordingly, it was adjudged in *Koerner* v. *State, ex rel.*, 148 Ind., at pages 166-167, that:    "It is settled that all officers except members of the legislature hold their offices under the constitution for the term for which they are elected, and until their successors are elected and qualified.    Section 225, Burns' R. S. 1894 (225, R. S. 1881); *Baker* v. *Kirk*, 33 Ind. 517; *Steinback* v. *State*, 38 Ind. 483; *State, ex rel.*, v. *Bogard*, 128 Ind. 480; *Butler* v. *State, ex rel.*, 20 Ind. 169; *State, ex rel.*, v. *Berg*, 50 Ind. 496. .

"Under the constitution, officers who are elected for a term are thereby authorized to continue to hold and discharge the duties and receive the emoluments of their office, until they are superseded by other per-

sons in their places, even though that extends beyond the legal length of the term for which they were elected. *State, ex rel.*, v. *Harrison*, 113 Ind. 434, 440; *Tuley* v. *State, ex rel.*, 1 Ind. 500; *Miller* v. *Burger*, 2 Ind. 337; *Baker* v. *Kirk, supra;* *State, ex rel.*, v. *Berg, supra;* *Gosman* v. *State, ex rel.*, 106 Ind. 203; *Elam* v. *State, ex rel.*, 75 Ind. 518.

"The policy of constitutional provisions of that nature is to prevent the happening of vacancies in office except by death, resignation, removal, and the like. *State, ex rel.*, v. *Harrison, supra.* As was said in the latter case, at page 441: 'It adds an additional contingent and defeasible term to the original fixed term, and excludes the possibility of a vacancy, etc.'"

But it is insisted by appellee, even under this provision of the constitution, that "appellant had served the term of two years for which he had been elected, and his successor had been elected and qualified" on September 7, 1897, when appellee's relator demanded the office of appellant, and hence it was his duty, even under this provision of the constitution, to deliver the possession of the same to that successor. This contention involves the inquiry as to what term of office it was the duties of which appellee's relator had been qualified to enter upon the discharge thereof. If it was the term of two years next ensuing after the expiration of appellant's two-year term, on September 7, 1897, then Gibbs' demand ought to have been complied with, and Scott ought to have turned over the office to Gibbs. But, at the time that Gibbs qualified and demanded the office, the act already quoted, if valid, was in full force, and fixed the time for the commencement of his term on the 1st day of January next following the term of the present incumbent, which expired on September 7, 1897. He therefore could not and did not qualify to enter upon any other term than

the one commencing on the day fixed therefor in said act, if the same is valid; and that day was January 1, 1898. *State, ex rel.,* v. *Long,* 91 Ind. 351, 357; *Shannon* v. *Baker,* 33 Ind. 390; *Board, etc.,* v. *State, ex rel.,* 61 Ind. 379, 385; *State, ex rel.,* v. *McCracken,* 51 Ohio St. 123, 36 N. E. 941; *Smith* v. *Moore,* 90 Ind. 294. Therefore Scott's successor was not elected and qualified to enter upon the discharge of the duties of the office at the expiration of Scott's two-year term. *State, ex rel.,* v. *Long, supra.* Hence Scott was entitled to hold over, by virtue of the hold-over clause of the constitution already quoted, until his successor was qualified to succeed him; and he was not authorized so to hold over by the act in question. If there had been no hold-over clause in the constitution, the right of Scott, the incumbent, longer to discharge the duties of the office, after the expiration of the express term fixed by the constitution, would have terminated. *State, ex rel.,* v. *Menaugh, ante,* 260, and authorities there cited.

Assuming that the act was valid, Gibbs was in no way concerned with or interested in the question whether Scott's term had expired or not, or who should fill the office during the interval from its expiration on September 7, 1897, to the commencement of Gibbs' term on January 1, 1898. He was only interested in his two-year term beginning on the latter day, and therefore had no such interest in the office previous to that day as to authorize him to file an information to oust Scott previous to said day. Section 1146, Burns' R. S. 1894 (1132, Horner's R. S. 1897); *State, ex rel.,* v. *Long, supra.* The validity of the act depends solely upon the question whether an act of the legislature fixing the time when the term of county treasurer as limited by the constitution shall com-

mence violates any provision of that constitution. If it does not, then it must be valid, because, as was said in *Townsend* v. *State*, 147 Ind., at page 634, 37 L. R. A. 294, "The state legislature possesses all legislative power, except such as has been delegated to Congress and prohibited by the constitution of the United States, * * * and such as is expressly or impliedly withheld by the state constitution from the state legislature." There is nothing in the constitution, either State or Federal, that conflicts with the exercise of the legislative function of fixing the time when the terms of officers, the commencement of which is not fixed in the constitution, shall begin. Paine on Elections, section 130.

There are no offices the commencement of the terms of which is prescribed in the constitution, except that of the executive and members of the legislature. The power to fix the time for the commencement of the terms of office of those not fixed in the constitution, has been exercised by the legislature, without question, from the organization of the State, at various times. Indeed, without the exercise of such power by the legislature in the interest of public convenience, no man elected to such an office can legally compel his induction into such office, because there would be no law authorizing and requiring his admission into such office at any particular period of time. The constitutional power of the legislature to fix such time is not seriously questioned by the appellee. But it is insisted that it must be so exercised as neither to shorten nor lengthen the term of an office the length of which is fixed in the constitution, and that the act in question had the effect of adding the time from September 7, 1897, to January 1, 1898, to the two-year term of Scott. If it does so, it would certainly violate the constitutional provision fixing the length of coun-

ty treasurer's term at two years. But it does no such thing. It simply postpones and fixes the time for county treasurers' terms to begin in the future. If there had been no hold-over clause in the constitution requiring the section thereof fixing the term of county treasurers at two years to be construed as authorizing him to hold two years, and until a successor was elected and qualified, Scott's right to hold the office would have expired at the end of his two-year term, and the act in question could not, and it did not, authorize him to hold the office during the interval between September 7, 1897, to January 1, 1898. Therefore the act does not lengthen Scott's term. That is fixed at two years, and until his successor is elected and qualified, wholly by the constitution, and so remains absolutely unaffected by the act in question. All must concede that the legislature cannot fix the time for the commencement of the county treasurer's term so as to make the term of any treasurer less than two years; that is, by fixing it before the expiration of the present incumbent's term. Then it follows that appellee's contention would result in holding that the legislature cannot change the time for the commencement of the term of treasurer at all, because he contends that postponing it beyond the expiration of the present incumbent's term lengthens that term beyond two years.

It is contended, however, that *Howard* v. *State, ex rel.*, 10 Ind. 99, sustains appellee's contention. In this counsel are in error. In that case, Stembell was elected treasurer of Benton county, at the October election in 1854, for a term of two years, commencing on August 15, 1855, and terminating August 15, 1857. Vawter was elected to said office at the October election in 1856. He qualified and demanded the office on August 15, 1857, at the expiration of Stembell's two-

year term. The right of Vawter to enter into the office at that time was resisted, on the ground that the act approved March 3, 1855, had extended Stembell's term from August 15, 1857, to the first Monday in November following. The act consists of but two sections. The first provides that, among other officers, the terms of county treasurers "shall commence on the first Monday of the month of November immediately following the general October elections, and that any of the above-named officers to be elected hereafter shall hold their offices until the first Monday of November aforesaid * * *." The second section provides, that "the aforesaid officers * * * elected at the October election of 1854, * * * shall * * hold the same [said offices] as provided in the first section of this act." It is clear that the first section fixed a different time for the commencement of the term of county treasurer and other county officers from that previously fixed by law by postponing the same. As to the particular office of treasurer of Benton county the time for the commencement of the term was postponed from August 15, 1857, to the first Monday in November following. But that part of the act was not questioned in the decision in *Howard* v. *State, ex rel., supra.*, But it was the second section which created the trouble. It provided that the officers named in the first section who had been elected at the October election of 1854 should hold their offices the same as provided in the first section; and that was until the first Monday in November following the October election. If enforced in that case, it actually and directly extended Stembell's term from August 15, 1857, to the first Monday in November following, making it that much longer than the constitutional length of two years. The pith of the decision is in these words: "Applied to this case, it [the stat-

Scott *v.* State, *ex rel.* Gibbs.

ute] affirmatively extends a term of office beyond the limit fixed by the constitution, and must, therefore, be held invalid." In *Douglass* v. *State, ex rel.*, 31 Ind. 429, this court held that the said act of 1855, in so far as it fixes the time for the commencement of the term of offices therein mentioned, including county treasurer, was still valid and effective, and repealed by implication the act of May 31, 1852, fixing the time for the commencement of the term of such offices, because the act of 1855 fixed a different time for the commencement of said terms. To the same effect is *Griebel* v. *State, ex rel.*, 111 Ind. 369-376-7. At all events there is nothing in the case of *Howard* v. *State, ex rel., supra,* holding that an act of the legislature fixing the time for the commencement of a term of an office, the length of which is fixed in the constitution, at a later date than had been previously fixed for such term, in the absence of a provision that the present incumbent should hold the office during the interval, would lengthen the present incumbent's term, and thereby violate the constitution. It may be said the hold-over clause of the constitution might have been applied in that case to have justified Stembell's claim to hold over until the first Monday in November. But it was neither involved, considered, nor applied to the case. The only question passed on was whether a statutory provision directly and affirmatively extending the term of an office beyond the length thereof fixed in the constitution violated that constitution. Plainly, the court was right in holding that it did. But that is not the case now before us. It follows from what we said that the circuit court erred in overruling the demurrer to the complaint. The judgment is reversed with instructions to sustain said demurrer.

Hackney, J., did not participate in this decision.

Scott *v.* State, *ex rel.* Gibbs.

### DISSENTING OPINION.

HOWARD, J.—However desirable it may be that the several county treasurers of the State should take office on the 1st day of January succeeding the termination of the terms of their predecessors, and however praiseworthy may have been the motive that actuated the legislature in seeking to enact a law to bring about such a result, yet I cannot, even for such reason, agree to what I believe to be a plain violation of the fundamental law of the land. The constitution is no less binding on the courts and legislators than on the people at large. Least of all should this court, set up as it has been for the interpretation and defense of the constitution, lend its high sanction to any disregard of that sacred instrument.

The office of county treasurer was at first a statutory, and not a constitutional office. By an act approved January 8, 1831, the office was created by the legislature, and it was provided that the same should be filled by appointment of the board of county commissioners. R. S., 1838, p. 158. It was afterwards provided that the treasurer should be elected at the general election then held in August of each year, and that he should hold his office for the term of three years from and after the first Monday in March next succeeding his election, and until his successor should be elected and qualified. R. S., 1843, pp. 98, 122. But by the present constitution, adopted in 1851, the office was made a constitutional one, and it was provided that the treasurer should "be elected, in each county, by the voters thereof, at the time of holding general elections," and that he should "continue in office two years." Art. 6, section 2. By item 10 of the schedule to the constitution, it was provided that every person elected by popular vote, and in office at the

time of the taking effect of the constitution (except as in the constitution itself otherwise provided), should continue in office until the term for which he had been elected should expire, provided that no one should continue in office after the taking effect of the constitution for a period longer than the term of such office as prescribed in the constitution. From these provisions it is clear that, under the present constitution, the term of office of the county treasurer is two years, and that the first term in each county began at the end of the last term under the old constitution. Thus, while the length of the term is fixed, there is no uniform time for its beginning. This is likewise true of the other county offices, and also of the administrative offices of the State, as created by the constitution. For the members of the legislature, and for the executive it is different. There, both the beginning and the duration of the term are fixed. In article 4, section 3, it is provided that "Senators shall be elected for the term of four years, and representatives for the term of two years, from the day next after their general election." And in article 5, section 9, it is provided that: "The official term of the Governor and Lieutenant Governor shall commence on the second Monday of January, in the year one thousand eight hundred and fifty-three; and on the same day every four years thereafter." To secure such uniform beginning of the Governor's term, and avoid any vacancy, it was further provided, in item 5 of the schedule, that the last Governor, under the old constitution, should continue to act until his successor should be sworn into office. Like provisions could, of course, have been made to secure a uniform time for the beginning of the terms of the administrative officers of the State and county; but the framers of the constitution do not seem to have considered this necessary, and such administrative offi-

cers, as we have seen, began their terms under the new constitution at the several dates when the terms of their predecessors under the old constitution came to an end.

It is not doubted that, under the provisions of the constitution cited, the term of the appellant would have ended on September 7, 1897, and the relator would have been entitled to enter upon the duties of the office on that day. It is said, however, that the legislature, by the act in force March 8, 1897 (Acts 1897, p. 288, Horner's R. S. 1897, section 5911a), provided that the term of the county treasurer should begin on the 1st day of January next following the term of the then incumbent, and, consequently, that the term of the relator did not begin until January, 1, 1898. To this, counsel for the relator answer that the statute in question, changing as it does, the time when a county treasurer should take his office under the constitution, and thereby, in effect, extending the length of the term of his predecessor, as fixed by the constitution, must be null and void. So long as the office of county treasurer remained merely statutory, it was almost completely under the control of the legislature, and the term might begin or end at any time, or be lengthened or shortened, at the will of the legislature; and this is still true as to statutory offices, provided only the tenure be not made more than four years. Const. Art. 15, section 2; *Ham* v. *State, ex rel,,* 7 Blackf. 314; *State, ex rel.,* v. *Hyde,* 129 Ind. 302, 13 L. R. A. 79.

As soon, however, as the office was made a constitutional one the power of the legislature over it became limited by the provisions of the constitution relating thereto. Those constitutional provisions, as we have seen, fixed the length of the term primarily at two years. This term might, of course, be abruptly broken

off by the death, resignation or removal of the incumbent; in which case provision was made for filling the vacancy until the next general election, at which time a new succession of two-year terms would begin. But the only provision for adding to the two-year term is found in article 15, section 3, which declares that: "Whenever it is provided in this constitution, * * * that any officer, * * * shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified." It is certain that this provision did not authorize the legislature to enact a law postponing the time when the relator should take his office.

On September 7, 1897, appellant had served as county treasurer for the two-year term provided for in the constitution and, as the relator had then been elected and qualified, there was no constitutional warrant for allowing appellant to hold any longer. His successor had already "been elected and qualified." The words of the constitution limiting the term of appellant to two years could not be plainer, namely, that he should "hold his office for such term and until his successor shall have been elected and qualified." It is admitted by the demurrer that his successor, the relator, had been elected and qualified on September 7, 1897, at which time, also, appellant had already served his full term of two years. It must therefore be that the statute relied upon by appellant to deprive the relator of his right to take his office at the time authorized by the constitution is wholly void.

This is not the first time that the question has been before this court. While the first legislature that assembled under the new constitution, composed, as it was, to a large extent, of men who had framed that instrument, provided, by an act approved, June 4,

1852, and in harmony with the fundamental law, "That the term of county treasurer shall commence at the expiration of the term of the present incumbent" (R. S., 1852, p. 499); yet a subsequent legislature, actuated, no doubt, by the same laudible purpose that influenced the legislature in 1897 in fixing a uniform and convenient date for the beginning of the terms of county treasurers, provided, by an act approved March 3, 1855, that such terms should begin "on the first Monday of the month of November, immediately following the general October elections" (Acts 1855, p. 52). But in *Howard* v. *State, ex rel.,* 10 Ind. 99, the act so passed was held void, as in conflict with the constitution, which limited the term to two years. In deciding that case, the court said: "The term of the office of treasurer is fixed. And though it be conceded that the legislature may have the power to fix the time at which such term shall commence, still, in order to effect that object, they are not authorized either to shorten or lengthen it. This construction is well supported by another provision. Section 2 of article 15 says: 'When the duration of any office is not provided for by this constitution, it may be declared by law,' and thereby clearly implies, that when such duration is limited by the organic law, it cannot be changed by legislation." The conclusion thus reached has since been adhered to. In *Grieble* v. *State, ex rel.,* 111 Ind. 375, it was said: "In the case of *Howard* v. *State,* 10 Ind. 99, it was held that the legislature has no power either to abridge or extend the term of an officer where his term is prescribed by the constitution, and that, hence, the act of 1855 [*supra*] was in conflict with the second section of article 6 of the constitution, herein above set out [fixing the terms of county officers], and, for that reason, void.

"In the more recent case of *Douglass* v. *State,* 31

Ind. 429, the doctrine that the legislature can neither abridge nor extend the term of an officer which is fixed by the constitution was reaffirmed." In *Pursel* v. *State, ex rel.*, 111 Ind. 519, the court, in citing the foregoing decision, said: "In the case of *Griebel* v. *State, ex rel., supra,* p. 369, the doctrine that the term of an officer fixed by the constitution can neither be abridged nor extended by a statutory enactment, was fully considered and reaffirmed. It was also then held that, under the operation of the several constitutional provisions and statutes having a bearing on the subject, there was not, and could not be made to be, any uniformity in the several counties of the State as to the time at which persons elected to county offices of the same class shall be entitled to enter upon their duties, where the duration of the term is prescribed by the constitution." Speaking of the incumbent in that case, the court said, further: "Having taken possession of the office in pursuance of his election, and having held the office for the full term of two years, the time fixed by the constitution, he was at all events, as against his regularly elected and properly qualified successor, estopped from denying that his term of office had expired." And in *State* v. *Friedley*, 135 Ind. 119, 21 L. R. A. 634, this court again, citing 7 Lawson Rights and Rem. 5970, said: "If the constitution provides for the duration of an office, the legislature has no power, even for the purpose of changing the beginning of the term, to alter its duration." This seems to be the exact question for decision in the case at bar, for in the act under consideration the express purpose was to change the beginning of the county treasurer's term, and the necessary result of that attempt, if successful, would have been to alter the duration of the term of the incumbent. The incumbent had served two years, and his successor

had been elected and qualified; and the constitutional provision being that the term shall be two years, and until the successor has been elected and qualified, the consequence inevitably follows that the incumbent's time, under the express provisions of the constitution, had expired.

It is to be kept in mind that the office of county treasurer was created, and the duration of the term fixed, by the constitution. Much, therefore, of what has been said as to statutory offices and the control of the legislature over them, can have no relation to such a case as the one before us. The constitution limited Mr. Scott's term of office to two years, ending September 7, if at that time his successor had been elected and had qualified. His successor at that time had been elected and had qualified; hence, under the constitution, he would have taken the office at that time; and the law continuing Mr. Scott in office has the effect of annulling that part of the constitution limiting the term to two years, for the reason that the condition upon which the constitution permits him (Scott) to continue in office, viz. failure of his successor to be elected and to qualify, does not exist.

However convenient or desirable it may be therefore, that county treasurers should begin their terms on the 1st day of January, yet I am unable to see how that may be done without at least an indirect violation of the constitution, and it is not doubtful that the legislature cannot do indirectly what it cannot do directly. If by making the time when a treasurer elect shall take his office to be four months after the end of his predecessor's term, the legislature may, in effect, thus lengthen such term four months, no reason appears why an incumbent's term might not, in the same manner, be indirectly extended to any length beyond the time absolutely fixed by the constitution. That

would be to nullify the constitutional requirement as to fixed terms for county and state offices. I think it a dangerous construction of the constitution. As said in *Pursel* v. *State, ex rel., supra,* I do not think that any uniformity as to beginning of terms of county officers can be attained without a violation of the constitution.