AIKMAN ET AL. *v.* STATE, EX REL. WADSWORTH.

[No. 18,768. Filed May 18, 1899.]

OFFICERS.—*County Treasurer.*—*Term of Office.*—The term of office of a county treasurer elected at the general election of 1896, whose term had not commenced when the act of 1897 (Acts 1897, p. 288) took effect, commences on the 1st day of January next following the expiration of the term of the treasurer in office when the act took effect. *pp. 568, 569.*

SAME.—*County Treasurer.*—*Term of Office.*—Where a county treasurer whose term of office expired August 5, 1897, had served the constitutional limit of four years, the office became vacant until the 1st day of January, 1898, by reason of the act of 1897 (Acts 1897, p. 288) fixing the time of commencement of the term of office of county treasurers, which vacancy the board of county commissioners had the right to fill by appointment. *p. 569.*

From the Daviess Circuit Court. *Reversed.*

*M. S. Hastings, J. G. Allen, E. E. Hastings, J. C. Billheimer, P. R. Wadsworth* and *W. Q. Williams*, for appellants.

*W. R. Gardiner, C. G. Gardiner* and *Padgett & Padgett*, for appellee.

MONKS, C. J.—This was a proceeding by information to determine which of three claimants was entitled to the office of treasurer of Daviess county.

Appellant, Henry Aiken, was elected treasurer of Daviess county at the general election of 1892, for a term to commence August 5, 1893. He qualified and took possession of

his office, and at the general election of 1894 was elected his own successor. On August 5, 1895, he entered upon the discharge of the duties of his second term. At the general election of 1896 the relator, John Wadsworth, was elected treasurer of said county. Before the 5th day of August, 1897, he was duly commissioned as such treasurer, and qualified according to law. The board of commissioners of said county, on August 5, 1897, appointed Albion Horrall treasurer of said county from August 5, 1897, to January 1, 1898, and he was duly commissioned and qualified according to law. Aikman refused to surrender the office to either said Wadsworth or Horrall, claiming that the term of office of Wadsworth did not commence under the act of 1897 (Acts 1897, p. 288), until January 1, 1898, and that he had the right to hold over under section 3, article 15 of the Constitution, being section 225 Burns 1894, 225 Horner 1897, until the commencement of Wadsworth's term, on January 1, 1898. Upon these facts, the questions being presented by demurrer to the complaint of appellee and cross-complaints of appellants, the court held that the relator's term of office commenced August 5, 1897, and rendered judgment accordingly.

It was held in the cases of *Scott* v. *State, ex rel.*, 151 Ind. 556; *State, ex rel.*, v. *Harris, post*, 699, that the term of all treasurers elected at the general election of 1896, whose terms of office had not commenced when the act of 1897 (Acts 1897, p. 288), took effect, would commence under said act on the first day of January next following the expiration of the term of the treasurer in office when said act took effect. It follows, therefore, that the term of the relator Wadsworth, who was elected treasurer of said county at the general election of 1896, did not commence until January 1, 1898, and the court below erred in holding that he was entitled to said office on August 5, 1897. Section 2, article 6 of the Constitution, being section 152 Burns 1894, section 152 Horner 1897, creates the office of county treasurer and

fixes the term of office at two years, and provides that no treasurer shall be eligible to the office of treasurer more than four years in any period of six years.

It was held by this court, in *Gosman* v. *State, ex rel.,* 106 Ind. 203, that where one has held by election two consecutive terms of a county office, created, and the term of which is fixed by said section 2, article 6 of the Constitution, he cannot hold over after the expiration of his second term as fixed by said section, but at the expiration of the period for which he is eligible (which in the case of treasurer is four years in any period of six years) a vacancy arises which the board of commissioners may fill by appointment. It was also held that section 3, article 15 of the Constitution, being section 225 Burns 1894, section 225 Horner 1897, which provides "that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified," only affects the term of office, and has no relation to the qualifications or eligibility of any person to an office.

The expiration of the four years fixed by the Constitution during which appellant Aikman was eligible to the office of treasurer having destroyed his capacity to hold the office, his tenure was at an end. This is because his right to continue in office was dependent on his capacity or eligibility to hold.

It follows, therefore, that there was a vacancy in the office of treasurer of said county on August 5, 1897, which the board of commissioners was authorized to fill, and that appellant Horrall, the person appointed by said board to fill said vacancy, was entitled to hold said office until January 1, 1898, and until his successor was duly qualified.

Judgment reversed, with instructions to sustain the demurrer of appellant Aikman and the demurrer of appellant Horrall to the complaint, and to overrule all demurrers to the cross-complaint of Horrall, and for further proceedings not inconsistent with this opinion.