STATE EX REL. MIDDLETON *v.* SCOTT CIRCUIT COURT ET AL.

[No. 27,161. Filed November 30, 1938.]

*Lealand West,* and *Montgomery & Montgomery,* for appellant.

*Paul Schnaitter,* for appellees.

PER CURIAM—At the general election of November, 1936, the Honorable Frank Gardner was elected judge of the sixth judicial circuit. He qualified and held the office until February, 1937, when he died. Thereafter on the 10th of March, 1937, the respondent, William Fitzgerald, was appointed by the Governor to fill the vacancy. He qualified and has since presided and held the office of the judge of the 6th judicial circuit.

At the election in November, 1938, the said William Fitzgerald was a candidate to succeed himself and Fred S. Matthews was also a candidate for the office of judge of the 6th judicial circuit. The board of canvassers declared Fred S. Matthews to be elected and on the 21st of November, 1938, he received a certificate of election and commission and has taken the oath of office, and on November 25th he demanded that the respondent surrender the office of judge, which demand was refused.

This is an original action which seeks a writ prohibiting the respondent, William Fitzgerald, from continuing or assuming to act as judge. The action in no way affects the election contest between William Fitzgerald and Fred S. Matthews, nor does it affect the length of term of the successful candidate which is conceded to be six years from the date of taking office.

The sole question is whether a judge of a circuit court holding office by virtue of an appointment to fill a vacancy shall surrender his office immediately upon the election of a successor and the successor receiving a certificate of election and commission and making demand for the office or continue in office until the first day of January following the elec-

tion as provided by chapter 10, section 1, of the Acts of 1929 of the General Assembly. Section 4-3220 Burns 1933 Statutes, §1258 Baldwin's Ind. St. 1934.

Section 18 of article 5 of the Constitution of Indiana is as follows:

"Section 18. VACANCIES FILLED BY GOVERNOR.— When, during a recess of the General Assembly, a vacancy shall happen in any office, the appointment to which is vested in the General Assembly; or when, at any time, a vacancy shall have occurred in any other State office, or in the office of Judge of any court; the Governor shall fill such vacancy, by appointment, which shall expire when a successor shall have been elected and qualified."

The statute in question is as follows:

"4-3220 (1811). JUDGES—Commencement and expiration of terms of office.—The term of office of every person hereafter elected judge of the Appellate Court of Indiana, or of any circuit, superior, probate, criminal, or juvenile court of Indiana, shall begin on the first day of January next succeeding his election. The term of office of all persons who have been elected or appointed to any such judgeship shall expire on December thirty-first next succeeding the election of their respective successors. (Acts 1925, ch. 105, section 1, p. 278; Acts 1929, ch. 10, section 1, p. 16.)"

It is the relator's position that under the constitution, William Fitzgerald was appointed to serve as judge of the 6th judicial circuit only until his successor was duly elected and qualified; that his successor has been duly elected and that he qualified by receiving his certificate of election and commission and taking the oath as provided by statute. That he has demanded the office and that, therefore, the term for which William Fitzgerald was appointed is terminated; that the statute above quoted is unconstitutional in that it attempts to enlarge and extend the term of the constitutional office beyond the express constitutional provision.

*State ex rel. Custer* v. *Schortemeier* (1926), 197 Ind.

507, 151 N. E. 407, and *Gimmer* v. *State* (1904), 163 Ind. 150, 71 N. E. 478, are cited as supporting relator's contention. The first case holds that where a judge is appointed to fill a vacancy a successor should be elected at the next general election. The Gimmer case holds a statute unconstitutional which sought to postpone the biannual elections next preceding the expiration of the constitutional term of constitutional officers. The cases do not reach the question here presented.

The question was squarely decided in *Scott* v. *State ex rel. Gibbs* (1898), 151 Ind. 556, 52 N. E. 163, in which it was held that while the legislature has no power to extend or curtail the term of a constitutional officer, it has power to fix the time when the term of a newly elected constitutional officer shall begin; that if incidentally the term of the incumbent is extended thereby it is by virtue of section 3 of article 15 of the Constitution, which provides that "such officer shall hold his office for such term and until his successor shall have been elected and qualified."

The reasoning in the Scott case is questioned in *Gimmer* v. *State ex rel., supra*. There was involved the constitutionality of a statute postponing the election of constitutional officers beyond the biannual general election preceding the expiration of their terms. It is said in the opinion (p. 162) :

> "The purpose and legal effect of the act of February 11, 1903, if valid, was to continue the persons to whom it applied in office after the expiration of the terms fixed by the Constitution, and beyond the time at which said offices might be filled by the voters of the counties at a general election. It is true that the legislature, under certain conditions, may fix the time of the commencement of the terms of county officers, and this court so held in the cases of *Scott* v. *State ex rel.* (1898), 151 Ind. 556, and *Weaver* v. *State ex rel.* (1899), 152 Ind. 479. But the act of February 11, 1903, does much more than fix the date of the commencement of terms of office.

It attempts to prevent the election of successors to incumbents, although elections occur at which such successors might be elected by the voters of the several counties. The unnecessary continuance in office of the persons embraced in the act beyond the limit of the terms fixed by the Constitution is a direct and unmistakable violation of that instrument. The argument that the legislature may fix the time of the commencement of the terms of office, where that time is not fixed by the Constitution itself, and that if the term of an incumbent is extended beyond the constitutional limit, the officer holds over by virtue of section 3, article 15, of the Constitution, which provides that an officer shall hold his office for the constitutional term, and until his successor is elected and qualified, is fallacious. The latter provision was intended to prevent vacancies in the public offices to which it applies. It cannot be understood to confer on the legislature the power to postpone unnecessarily the election of a successor to the office, and thereby create a condition authorizing the incumbent to hold over after the expiration of his term."

It will be noted from the quotation that the right of the legislature to fix the time of the commencement of the terms of constitutional officers under certain conditions is conceded with the restriction that there is no power "to postpone unnecessarily the election of a successor" which differs from postponing the time of the commencement of a term. This criticism has not been treated as overruling the Scott case which we find distinguished from the Gimmer case, and the legislative right to fix the commencement of the term of constitutional officers reiterated.

In *Russell* v. *State et al.* (1909), 171 Ind. 623, 633, 87 N. E. 13, it is said: "The right to fix the commencement of the term and the right to deny an election are two very different things. The right to fix the commencement of the term must be so exercised as not to infringe upon the right of the voters every four years to furnish the person to fill the office; if it cannot be so exercised,

it cannot be exercised at all." It is also said "the commencement of the term may not be so deferred as to deprive the voters of their absolute right under the Constitution of electing an auditor once in four years."

*Robinson* v. *Moser* (1931), 203 Ind. 66, 179 N. E. 270, involved the constitutionality of a statute postponing the election of Prosecuting Attorneys. In the principal opinion by Treanor, J., it is said (p. 77):

> "We accept as a correct statement of the law that the General Assembly can change the date of the beginning of the terms of constitutional offices and the General Assembly has at different times properly exercised this power. But we call attention to the following statement in *Russell* v. *State ex rel.*, *supra*, at p. 633: 'The right to fix the commencement of the term and the right to deny an election are two very different things. The right to fix the commencement of the term must be so exercised as not to infringe upon the right of the voters every four years to furnish the person to fill the office; if it cannot be so exercised, it cannot be exercised at all.' "

And in the concurring opinion by Myers, J., (p. 82):

> "Since there is nothing in the Constitution fixing the time of electing prosecuting attorneys or when their terms of office shall begin, it may be reasonably argued, as appellant has done in this case, that the state Legislature may fix the beginning of the terms of all such officers not fixed by the Constitution, for the reason there is no express or implied constitutional inhibition against it."

Nowhere in the decisions is there disagreement with the view that the legislature may fix the time of the beginning of the term of a constitutional officer thereafter to be elected. There is a clearly expressed limitation upon the power that it shall not postpone the election of a successor beyond the regular election next preceding the expiration of the constitutional term. And from the use of the expression "unnecessarily postpone" which must be construed as "unreasonably postpone" it

may be inferred that other possible restrictions were in the minds of the judges. It would seem that there should be some reasonable basis for such legislation. The determination of the necessity for and the reasonableness of legislation fixing the time when a newly elected constitutional officer shall begin his term is primarily for the legislature, and unless it can be said that there is no conceivable state of facts justifying the legislation, there is no power in the courts to overthrow it. Elections are held early in November. The statute provides that the clerks shall make return of the result within ten days. There are provisions for contests. In the case of judges the Governor is to issue a certificate and a commission to the successful candidate. Terms of court are in progress during the months of November and December. New terms begin at the first of January. In the case at bar it developed in the argument that the respondent judge is now in the midst of the trial of a manslaughter case. It is recognized in the cases that there has been a legislative desire for an orderly and uniform change of officers. It can scarcely be doubted that the legislature might fix a day certain upon which an officer-elect shall present himself for qualification and induction into office. It cannot be said judicially that these considerations are insufficient to form a reasonable basis for postponing the beginning of the term until the first of January, or that in the light of these circumstances necessity does not require such a postponement in the interest of orderly procedure.

The authorities referred to seem to clearly settle the question. The interpretation put upon legislation by administrative officers is not controlling, but is often influential and persuasive. Attention has been called to a recent opinion of the state board of election commissioners to the effect that the term of

a judge elected to succeed one who is serving by appointment begins upon the first of the succeeding January. It must be concluded that this view is sustained by reason and authority.

The statute fixing the beginning of the terms of judges on the first day of January next succeeding their election, where as here it does not curtail the constitutional term of the incumbent officer is not unconstitutional but a valid and effective exercise of the legislative prerogative.

The prayer of the petition for a writ of prohibition is denied.