The State ex rel. The Attorney General v. McGovney.

## THE STATE *ex rel.* THE ATTORNEY GENERAL V. McGOVNEY.

1. **Constitutional Law**: EXTENDING TERM OF OFFICER. Section 5362, of the Revised Statutes of 1879, as amended by the act of 1885 (Laws 1885, p. 108), providing that the term of county treasurer, in counties having adopted township organization, shall be extended to the first day of April, is not in conflict with section 8, of article 14, of the constitution, prohibiting the extension of an officer's term beyond the period for which he was elected or appointed.

2. ———— : ————. Section 8, of article 14, of the constitution was not intended to prevent and does not prevent the legislature from making reasonable changes in the times of electing public officers, but its purpose is to prevent the practice of passing special laws, extending the terms of special offices for the benefit of the incumbent holding at the time of the passage of the law.

*Quo warranto.*

INFORMATION DISMISSED.

*G. S. Hoss* and *H. H. Blanton* for relator.

To say that respondent's term of office is extended to the first day of April is in conflict with section 8, of article 14, of the constitution of the state of Missouri, which provides that the term of no officer shall be extended for a longer period than that for which such officer was elected or appointed. The amendment of section 5362, directly extends the office of treasurer in counties having adopted township organization. The legislature has the right to provide a uniform time for the election of public officers, as public convenience may require, though it might sometimes result in incidentally prolonging the time a given officer might have under his commission. This, however, was not attempted by this statute, and, therefore, applying said act to this

case, with the argument of respondent, that township organization was adopted merely by the vote of the people, renders it in direct conflict with said constitutional provision. *State ex rel. v. Ranson*, 73 Mo. 78; *People ex rel. v. Bull*, 46 N. Y. 57

*Burton & Wright* and *O. H. Hoss* for respondent.

(1) Vernon county has adopted township organization, as that term is used in the act of 1885. Laws, p. 108; R. S., secs. 7445, 7439, 7539; *State ex rel. v. Vernon County*, 53 Mo. 128. (2) Conceding the construction put upon section 8, of article 14, of the constitution, by plaintiff, to be correct, still the act of April 3, 1885, is not unconstitutional, for the reason, that said section 8, of article 14, may be, and has been, dispensed with, so far as it applies to the case at hand. Sec. 8, art. 9; sec. 14, art. 9; sec. 5, art. 14, of the Constitution of Missouri. (3) Plaintiff's construction of section 8, article 14, of the constitution, is not the correct one. *State ex rel. v. Ranson*, 73 Mo. 78. The act of April 3, 1885, is not in conflict with section 14, of article 9, nor section 8, of article 14, of the constitution.

BLACK, J.—This is an information in the nature of a *quo warranto*. The respondent was elected treasurer of Vernon county at the November election, 1884. By the law then in force (R. S., sec. 5362), the treasurer held his office for two years and until his successor should be elected and qualified. This section was amended in 1885 (Acts of 1885, p. 108) by adding thereto the proviso: "That in counties having adopted, or which may hereafter adopt, township organization, the terms of office of said treasurer shall be extended to the first day of April next after the election of his successor."

At the November election, 1886, Mr. Prewitt was elected treasurer, and before the January following,

qualified by giving bond, etc. At this same election the county voted for and adopted township organization, and that law took effect and went into operation on the first Tuesday of April succeeding the election. R. S., sec. 7432.

The question is, whether the respondent has a right to hold over until the first Tuesday in April, 1887. That the amendatory act of 1885 undertakes to give him this right there can be no doubt. But it is said the amendment is in conflict with section 8, article 14, of the constitution, which provides that the term of no officer shall be extended for a longer period than that for which such officer was elected or appointed. In *State ex rel. v. Ranson*, 73 Mo. 89, it was ruled that it was the purpose of this section of the constitution to prevent the practice of passing special laws, extending the terms of special offices, for the benefit of the then incumbents ; but that it was not intended to and did not prevent the legislature from making reasonable changes in the times for electing public officers. In view of the peculiar character of the township organization law, it was deemed best that the office of county treasurer should begin and end in April next after the election, and the fact that the amendment has the effect, incidentally, to extend the time of the then incumbent does not render it unconstitutional. Mr. Prewitt's term does not begin until April, and by express provision of the constitution and the statute, McGovney holds until that time.

The information is dismissed. All concur.