State, *ex rel.* Wilson, *v.* Wells.

Filed March 6, 1896.

---

No. 17,625.

STATE, EX REL. WILSON, *v.* WELLS.

| 144 | 231 |
| 145 | 360 |

| 144 | 231 |
| 151 | 274 |
| 151 | 291 |
| 151 | 292 |

| 144 | 231 |
| 158 | 357 |

| 144 | 231 |
| 171 | 628 |

OFFICE AND OFFICER.—*Township Trustee.*—*Term of Office.*—A township trustee, elected for four years in April, 1890, under Acts of 1889, page 344, fixing the commencement of the term of office in August following the election, cannot, after the election and qualification of a successor in November, 1894, under the Acts of 1893, page 192, providing that such officer shall be chosen at the general election, in November, 1894, and every four years thereafter, hold such office, under the Const., Art. 15, sections 2 and 3, prohibiting the creation of any office for a longer term than four years, and providing that the officer shall hold his office until his successor is elected and qualified.

SAME.—*Township Trustee.*—*Commencement of Term of Office.*—The change of the time of election of township trustees from April to

November, made by the statute, has the effect to postpone the commencement of the term from the first Monday of August, as previously fixed to the time of election and qualification of the successor of the incumbent.

From the Grant Circuit Court.

*Elliott & Elliott*, for appellant.

*Miller, Winter & Elam, H. C. Allen* and *Brownlee & Paulus*, for appellee.

HOWARD, C. J.—At the township election, held in April, 1890, the appellee was elected township trustee of Center township, Grant county; and at the general election, held in November, 1894, the appellant's relator was elected the successor of the appellee in said office.

On November 14, 1894, the relator, having fully qualified, filed his bond as such township trustee, and made demand on appellee for possession of said office, but was refused, the appellee claiming to be entitled to continue in the office until the first Monday of August, 1895. Thereupon the relator brought this action by way of information, setting up all the facts and praying that he be pláced in possession of the office. To this information the court sustained a demurrer.

The statutes relating to the election and terms of office of township trustees, and necessary to be considered in the case before us, are as follows:

By sections 57 and 59, of an act approved April 21, 1881 (Acts 1881, 482; sections 4735-4737, R. S. 1881), it was provided that the election of the township trustee should take place on the first Monday of April, 1882, and every second year thereafter; and that his certificate of election should entitle him to qualify and

enter upon the duties of his office at the expiration of ten days after his election.

By an act approved March 9, 1889 (Acts 1889, p. 344; section 6293, R. S. 1894), the foregoing provisions were so far modified as to require that the township trustee should enter upon the duties of his office on the first Monday of August following such election.

By an act approved March 11, 1889 (Acts 1889, p. 425; sections 8066-8067, R. S. 1894), it was provided that on the first Monday of April, 1890, and every fourth year thereafter, a township trustee should be elected in each township, to hold office for four years, and until his successor should be elected and qualified; and also that thereafter no such trustee should be eligible to said office more than four years in any period of eight years.

By an act approved March 2, 1893 (Acts 1893, p. 192; section 6290, R. S. 1894), the April election was abolished, and it was provided that the township trustee and other township officers should be chosen at the general election to be held in November, 1894, and every four years thereafter; and that the election of township officers should be conducted under the provisions of the law governing said general election.

One of the provisions relating to the general election in November is that at such election "all existing vacancies in office, and all offices, the terms of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law." Acts 1881, 482; section 6190, R. S. 1894; section 4678, R. S. 1881.

The constitution, in article 15, section 2, prohibits the legislature from creating any office, the tenure of which shall be longer than four years; and in section 3 of the same article, it is declared that when it is provided in that instrument, or in any statute there-

under, that any officer, other than a member of the general assembly, shall hold his office for a given term, such provision shall be construed to mean that the officer shall hold his office for such term and until his successor is elected and qualified.

From the foregoing provisions of law it is evident that when appellee was elected township trustee, in April, 1890, he was elected for a term of four years, and no more; that his term of office was to begin on the first Monday of August, 1890, and end on the day before the first Monday of August, 1894; and that on and after said first Monday of August, 1894, there would have been a vacancy in said office, but that, under the constitutional provision above recited, the appellee was entitled to continue in the possession of said office until his successor should be elected and qualified. As the term for which appellee had been elected would, under the constitutional provision, expire before the next general election following the election in November, 1894, it is clear, also, that such office should be filled by the vote of the people at said election in November, 1894, it not being "otherwise provided by law."

The conclusion seems inevitable that the relator, having been duly elected to fill the office, and having qualified and given bond, was entitled to it.

Counsel for appellee do not controvert the proposition that the term for which appellee had been elected had expired, and that the relator was duly elected to fill such office; but they contend that by force of the act of March 2, 1893, *supra*, taken in connection with the act of March 9, 1889, *supra*, the relator's term of four years was to begin on the first Monday of August, 1895, that being "the first Monday of August following such general election."

When we turn to the act of March 9, 1889, we find

that "such election," as there referred to, was the election which took place "on the first Monday of April, 1882, and every second year thereafter;" that is, the trustee should take his office on the first Monday of August after each April election. When the term was made four years, instead of two, by the act of March 11, 1889, *supra,* the beginning of the term remained, as before, the first Monday of August after the April election. The term, therefore, which began on the first Monday of August, 1890, ended on the day before the first Monday of August, 1894. The act of 1893 made no reference to the beginning or ending of the term, nor to its length. It left that just as it was. The sole purpose of the act of 1893, so far as relates to the office of township trustee, was to change the election from April to November. Certainly a change in the date of an election cannot affect the term of the office to be filled. If the office becomes vacant by the the change of the date of filling it, the constitution makes ample provision therefor, by continuing the old incumbent in office until his successor is elected and qualified.

It will not be said that the legislature may do indirectly, or by implication, what it may not do directly and by an express act. Yet, if the position taken by counsel for appellee is tenable, the legislature, by simply postponing the time when an officer elect shall take his office, might, in effect, lengthen the time during which the incumbent could hold the office beyond the time of the general election and beyond the end of the longest term permitted by the constitution.

The claim is made that the power of the legislature to fix the time when an officer elect shall take his office cannot be abridged. This can be true only within the limits prescribed by the constitution. The

legislature may, perhaps, extend the term of an incumbent of an elective office to any time not beyond the time of the next general election and within the four year limit. It may also, perhaps, for the better conduct of public business, prescribe a reasonable time after election at which an officer shall qualify and enter upon the duties of his office. But the legislature has no power, directly or indirectly, to fill an office, elective by the people, unless this be done within some such narrow bounds as indicated.

But if the legislature could, in effect, extend the term of the incumbent one year beyond the constitutional limit, and beyond the time of the next general election, by merely postponing the time when his successor should take the office, why could not the legislature, in like manner, extend the incumbent's term two or more years by providing that his successor should not take the office until the expiration of any given number of years, and after the time of any given number of general elections?

The only safe rule within the requirements of the constitution is, we think, that all vacancies in elective offices shall be filled at the election first ensuing after the expiration of the term for which the incumbent was elected, and at which provision is made for election to such offices. Otherwise the door is thrown open for the usurpation by the legislature of the people's right to the election of their own officers.

We think it may be true, as suggested, that if the legislature thought well to do so, it might have provided that the regular terms of township trustees should begin on the first Monday of August, 1895, and every four years thereafter; and to accomplish that result might have provided for a short term to begin the first Monday of August, 1894, and end the first Monday of August, 1895. But the legislature could

not fill even that short term by providing that the incumbents should hold office one year longer than authorized by the constitution, and beyond the time of an election at which the people could fill the office themselves.

But the statutes under consideration do not expressly, nor, as we think, indirectly, or by implication, provide that the township trustees elected at the general election in November, 1894, should take their office only on the first Monday of August, 1895. On the contrary, it is plain that the acts of March 9 and 11, 1889, *supra*, fix upon the first Monday of August, 1890, and every fourth year thereafter, as the date when the terms of office of the successive township trustees should begin. The term of an office is a definite time, relating to the office and not the officer, and will not be enlarged or varied by changing the date when a person shall be elected to fill such office.

We think these conclusions are fully supported by the numerous authorities adduced in the able brief of counsel for the relator. *State, ex rel.,* v. *Harrison,* 116 Ind. 300; *Parmater* v. *State,* 102 Ind. 90; *Baker, Gov.,* v. *Kirk,* 33 Ind. 517; *De Armond* v. *State,* 40 Ind, 469; *State, ex rel.,* v. *Barlow,* 103 Ind. 563.

We do not think that any of the cases cited in the earnest and eloquent argument of counsel for appellee are in point as to an elective officer. In the case of *State, ex rel.,* v. *Bogard,* 128 Ind. 480, so much relied on, the relator was an appointee of the board of county commissioners; here he is an officer elected by the people. No good purpose would be served by extending this opinion in the discussion of these cases. The case at bar seems to us a very plain one in the light of the constitution and of the statutes.

The judgment is reversed, with instructions to over-rule the demurrer to the information.

Filed October 10, 1895.

## On Petition for Rehearing.

HOWARD, J.—From the briefs of counsel on the petition for a rehearing, there seems to be some mis-apprehension as to the scope and effect of the decision in this case, particularly in reference to the time of the beginning and ending of the relator's term of office.

At the April election, in 1890, the appellee was elected township trustee for the term of four years from the first Monday of August, 1890. So far, then, as the statutes in force when he was elected are concerned, his term would have ended on the day before the first Monday of August, 1894. Meanwhile, however, the legislature changed the date when his successor should be elected from April to November. Consequently, when the four years for which the appellee was elected had expired, and the first Monday of August, 1894, arrived, there was no successor elected and qualified to receive the office.

This was a contingency for which the constitution had expressly provided. By section 3, of article 15, of that instrument, it is declared that "Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the general assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified."

There was, therefore, no vacancy in the office of township trustee on the first Monday of August, 1894, at the end of the appellee's four year term; but, by

virtue of the constitutional provision, he held "his office for such term and until his successor" should be "elected and qualified;" that is, until the general election in November following, and thereafter until the officer elect should qualify and demand the office. *State, ex rel.*, v. *Berg*, 50 Ind. 496; *State* v. *Howe*, 25 O. St. 588; *Baker City* v. *Murphy* (Or.), 42 Pac. Rep. 133.

The relator was elected at the November election; and on November 14, 1894, having qualified and filed his bond, he demanded possession of his office. The relator being entitled to the office on said 14th day of November, 1894, and having demanded it, the appellee's term at once ended and the term of the relator began.

But the relator was elected for a term of four years. His term will, therefore, continue until the election of his successor at the November election in 1898, and thereafter until such successor shall, in turn, qualify and demand the office. It is not true, therefore, that township trustees hereafter are to be elected three months after their terms have begun, or that they shall continue in office three months after their terms have ended. While it was provided in the statute that the term should begin on the first Monday of August, 1890, and every four years thereafter, yet that statute cannot fully apply in case of trustees and assessors elected since the change of the time of election from April to November; and so long as the election of these officers shall take place after the first Monday of August, every four years, so long the beginning of the successive terms of office must be postponed until after the date of such election. It follows also, of course, that, so long as the election takes place at a date later than the first Monday of August, every four years, so long no trustee or assessor can hold his office after the election and qualification of

his successor. Neither can there be any election of such officer except "at the general election to be held on the first Tuesday after the first Monday in November, 1894, and every four years thereafter," so long as the act of March 2, 1893 (Acts 1893, 192; section 6290, R. S. 1894), remains in force save only in case of vacancy, to fill the unexpired term.

The petition is overruled.

Filed March 6, 1896.