THE STATE, EX REL. SNYDER, *v.* BURKE.

[No. 19,039.   Filed May 29, 1900.]

OFFICERS.—*Township Assessor.—Vacancy.—Appointment.—Election of Successor.*—Under the provision of §8508 Burns 1894, that township assessors elected or appointed shall continue in office until the next township election, and until their successors are elected and qualified, one appointed as assessor in August, 1898, to fill a vacancy caused by death was entitled to hold the office, by virtue of the act of 1897 (Acts 1897, p. 64), changing the time of holding the election of township trustees and assessors from November, 1898, to the general election in November, 1900, until his successor was elected and qualified in November, 1900.

From the Perry Circuit Court.   *Affirmed.*

*J. W. Brady, J. W. Ewing* and *S. H. Esarey,* for appellant.

*M. D. Casper* and *E. C. Henning,* for appellee.

HADLEY, J.—At the November election, 1894, Jacob Davis was elected assessor for a township in Perry county, and duly qualified and entered upon the duties of the office. On July 31, 1898, Davis died. The county auditor appointed William Burke (appellee) to fill the vacancy caused by the death of Davis, and he qualified and entered upon the duties of the office on the 2nd day of August, 1898. At the general November election, 1898, the relator was a candidate for said office, and received all the votes cast for the same, and afterwards, under said election, duly qualified to act as such assessor, and demanded of appellee, Burke, a surrender of said office, which was refused. Appellant

thereupon brought *quo warranto,* setting forth in his petition the foregoing facts, to which a demurrer was sustained for insufficiency. The sustaining of the demurrer to the petition is the only error assigned.

The real questions involved may be thus stated: (1) Does an appointee to fill a vacancy in the office of township assessor, caused by the death of the incumbent in July, 1898, hold office until a successor is duly elected and qualified? (2) Could a township assessor be legally elected at the November election, 1898?

The first question must be answered in the affirmative under §8508 Burns 1894, which reads as follows: "And if from any other cause a vacancy should occur in said office in any township at any time, the county auditor shall fill such vacancy by appointment, and the person so appointed shall qualify as herein required. All township assessors last elected or appointed shall continue in office until the next township election, and until their successors are elected and qualified under this act."

The language of this statute must be held to relate to the next ensuing township election at which township assessors may be lawfully elected. By an act approved February 25, 1897 (Acts 1897 p. 64), it is provided that "the time of holding the election of township trustees and assessors shall be changed from the general election on the first Tuesday after the first Monday in November, 1898, to the general election on the first Tuesday after the first Monday in November, 1900, and at the general election on the first Tuesday after the first Monday in November of every fourth year thereafter. Said township trustees and assessors shall qualify as now provided by law, and enter upon the discharge of the duties of their respective offices at the expiration of ten days after such election." Section five of said act provides that "All laws and parts of laws in conflict with the provisions of this act are hereby repealed."

Here is an express provision of the statute that the successors to the assessors in office at the time of the passage of the act in 1897 should not be elected until the November election in 1900, and that the terms of office of such successors should not begin until ten days after such election. Hence it follows that Davis, having been elected in November, 1894, for a term of four years from August 1, 1895, "and until his successor is elected and qualified" (§8508, *supra*), would, had he survived, been entitled to hold the office until his successor was elected and qualified, which could not, under the statute, happen before November, 1900. *Scott* v. *State*, 151 Ind. 556.

Davis, having died before the expiration of his term, and appellee, Burke, having been legally appointed to the vacancy, Burke is entitled to hold the office until his successor is elected and qualified, which, as we have seen, can not transpire before November, 1900. See *State* v. *Menaugh*, 151 Ind. 260, 43 L. R. A. 408, 418; *Weaver* v. *State*, 152 Ind. 479, 483; *State* v. *Long*, 91 Ind. 351.

We find no error in the record. Judgment affirmed.