LARNED v. ELLIOTT ET AL.

[No. 19,407.    Filed July 10, 1900.]

From the Marion Circuit Court.    *Affirmed.*

*J. J. M. La Follette* and *W. W. Thornton*, for appellant.

*W. L. Taylor*, Attorney-General, *Merrill Moores* and *C. C. Hadley*, for appellees.

PER CURIAM.—If the laws of this State provide for the election of township trustees and township assessors at the November election, 1900, this case must be affirmed, otherwise it must be reversed.

An act of the legislature approved February 25, 1897 (Acts 1897, p. 64), provides that the time of holding the election of township trustees and assessors shall be changed from the general election in November, 1898, to the general election in November, 1900, and at the general election every fourth year thereafter, and that said trustees and assessors shall qualify and enter upon the discharge of the duties of their respective offices at the expiration of ten days after such election.

Appellant insists, however, that said act is unconstitutional and void because it extended the terms of office of township trustees and assessors beyond the period of four years, in violation of article fifteen, section two of the Constitution which provides : " But the General Assembly shall not create any office the tenure of which shall be longer than four years." The same objection was urged against the validity of said act in *State* v. *Menaugh*, 151 Ind. 260, and this court held that said act was not in violation of said provision of the Constitution. See, also, *State* v. *Burke*, 154 Ind. 645; *Scott* v. *State*, 151 Ind. 556, 561; *State* v. *Compson*, 34 Ore. 25, 54 Pac. 349.

After a careful consideration of the question involved, we adhere to the conclusion reached in the case of *State* v. *Menaugh, supra*, that said act of 1897 (Acts 1897, p. 64), is constitutional, and that township trustees and assessors are to be elected at the November election, 1900, and enter upon the discharge of the duties of their respective offices as provided in said act.

The judgment of the court below is, therefore, affirmed.