ROBINSON *v.* MOSER.

[No. 26,027.   Filed December 31, 1931.]

*James M. Robinson, Howard P. Robinson, Willard B. Gemmill* and *Robert M. VanAtta,* for appellant.

*George W. Long* and *Frank C. Dailey,* for appellee.

TREANOR, J.—This is an appeal from a judgment of the Brown Circuit Court rendered in an action brought by the appellant against the appellee under the declaratory judgment statute. (§680.1 *et seq.* Burns Supp. 1929, Acts 1927, ch. 81, p. 208.) The appellant was elected prosecuting attorney of the Eighth Judicial Circuit at the general election held in November, 1928; his term began on January 1, 1930, and his commission will expire on December 31, 1931. The appellee received a majority of votes cast for prosecuting attorney in said circuit at the general election held in November,

68

1930. The cause was submitted to the lower court upon an agreed statement of facts containing, in part, the following: "That defendant is claiming to be the duly elected Prosecuting Attorney of the Eighth Judicial Circuit and will attempt to act as such Prosecuting Attorney for said Eighth Judicial Circuit on and after the first day of January, 1932, . . . that plaintiff is claiming and does claim the right to hold office after the 1st day of January, 1932, on account of the provisions of . . . Chapter 27 of the Acts of 1929, p. 49, and that defendant is claiming that he was duly elected at said election held in November, 1930." Section 11829 Burns Supp. 1929, Acts 1929, ch. 27, p. 49, is as follows: "At the general election in the year 1930, and every second year thereafter, there shall be elected in each judicial circuit in the State of Indiana, a prosecuting attorney, who shall prosecute the pleas of the state in the courts of such circuit: Provided, however, That in all judicial circuits in the State of Indiana wherein the prosecuting attorney elect has a commission which expires in December, 1931, there shall be no election held at the general election in November, 1930, for the purpose of electing prosecuting attorneys of said judicial circuits, but the election of prosecuting attorneys in said judicial circuits shall be held at the general election occurring in the year 1932 and every second year thereafter." Section 11829.1, Burns Supp. 1929, Acts 1929, ch. 27, p. 49, is as follows: "The term of office of every person hereafter elected prosecuting attorney of any judicial circuit in the State of Indiana shall begin on the 1st day of January next succeeding his election." The lower court found for the appellee and against the appellant, that ch. 27 of the acts of 1929 (§§11829, 11829.1 Burns Supp. 1929, *supra*) is void and unconstitutional; that the election of the defendant as prosecuting attorney for the Eighth Judicial

Circuit was legal and that his term of office as such prosecuting attorney should commence on January 1, 1932. Appellant's motion for a new trial was overruled; appellant excepted and prosecutes this appeal from such ruling and judgment. The appeal presents the single question of the constitutionality of ch. 27 of the acts of 1929.

The following provisions of the Constitution of Indiana relate to the question presented by this appeal and are set out together for convenience. "All general elections shall be held on the first Tuesday after the first Monday in November; but township elections may be held at such time as may be provided by law: Provided, That the general assembly may provide by law for the election of all judges of courts of general and appellate jurisdiction by an election to be held for such officers only, at which time no other officers shall be voted for; and shall also provide for the registration of all persons entitled to vote." Art. 2, §14, as amended March 14, 1881, §102 Burns 1926. Art. 2, §14, originally read: "All general elections shall be held on the second Tuesday in October."

"There shall be elected in each judicial circuit by the voters thereof, a prosecuting attorney, who shall hold his office for two years." Art. 7, §11, §178 Burns 1926.

"The first general election under this constitution shall be held in the year one thousand eight hundred and fifty-two." Art. 18, §8, §243 Burns 1926.

"The first election for . . . prosecuting attorney . . . under this constitution shall be held at the general election in the year one thousand eight hundred and fifty-two; and such of said officers as may be in office when this constitution shall go into effect shall continue in their respective offices until their successors shall have been elected and qualified." Art. 18, §9, §243 Burns 1926.

The cases of *Gemmer* v. *State, ex rel.* (1904), 163 Ind. 150, 71 N. E. 478, ·66 L. R. A. 82, and *Russell* v. *State, ex rel.* (1909), 171 Ind. 623, 87 N. E. 13, ▆▆ held certain acts of the General Assembly unconstitutional which were substantially the same as the one under consideration, except that they affected elections of county officers named in §2, Art. 6 of the Constitution. But appellant urges that the above-named cases are not controlling in the instant case, for the reason that §2, Art. 6, expressly requires the officers named therein to be elected "at the time of holding general elections," while §11, Art. 7, which provides for the election of prosecuting attorneys, does not expressly require that they be elected at general elections; the appellant concluding that the General Assembly may provide separate elections for prosecuting attorneys. We think the Constitution requires that all elective offices created by the Constitution be filled normally and regularly at general elections. "The provision that certain state and county officers shall continue in office two years indicates a purpose of the framers of the Constitution that a general election should be held at least every two years, and the legislature has enacted statutes which so provide." *State, ex rel.,* v. *Schortemeier, Secy. of State* (1926), 197 Ind. 507, 512, 151 N. E. 407. It seems equally obvious that the framers of the Constitution intended that these officers be elected at the general elections, unless otherwise provided, and §14, Art. 2, §102 Burns 1926, makes this certain. The first provision of §14 is that "all general elections shall be held on the first Tuesday after the first Monday in November"; and this is immediately followed by provisions which expressly confer upon the General Assembly unrestricted power to control the time of holding township elections, and the further power to provide by law for a separate election of "all judges of

courts of general and appellate jurisdiction." As in the case of prosecuting attorneys, there is no provision in the Constitution requiring either township officers or judges of courts of general or appellate jurisdiction to be elected at the time of holding general elections; yet the clear import of §14, Art. 2 is that the General Assembly would be powerless to provide for a separate or special election for these officers, were it not for the express authorization to the General Assembly to except the elections of these two classes of officers from general elections. And in *Spencer* v. *Knight* (1912), 177 Ind. 564, 573, 98 N. E. 342, this court said: "That article 2, §14 (§102 Burns 1926) implies that all judges of courts of general and appellate jurisdiction are to be elected at general elections, unless provision is made for an election for such officers only." Since the exceptions apply only to elections of township officers and certain judges, it necessarily follows that prosecuting attorneys and other officers provided for in the Constitution must be elected at general elections. (Expressio unius exclusio alterius.)

"In construing constitutional provisions, a rule of general acceptance is 'that which is expressed makes that which is silent to cease.'" *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228.

As further indication that the framers of the Constitution understood, and intended, that the officers provided for in the Constitution should be elected at general elections, §8, of Art. 18 (the Schedule), sets the first general election for the year 1852, and in §9, §243 Burns 1926, expressly provides that "the first election for governor, lieutenant-governor, judges of the Supreme Court and circuit courts, clerk of the Supreme Court, *prosecuting attorney*, secretary, auditor, and treasurer of state, and the state superintendent of public instruction under this

constitution shall be held at the general election in the year one thousand eight hundred and fifty-two" (our italics) and in this list of officers are several, in addition to the prosecuting attorney, who are not expressly required to be elected "at the time of holding general elections." It is not without significance for this discussion that the Constitution nowhere expressly provides that the Secretary, Auditor or Treasurer of State, Clerk of the Supreme Court or State Superintendent of Public Instruction shall be elected "at the time of holding general elections"; and if the absence from the Constitution of any express requirement that prosecuting attorneys be elected at general elections justifies the conclusion that the General Assembly has the power to provide separate elections for prosecuting attorneys, or to extend terms of incumbents by postponing elections, the same reasoning would justify the conclusion that the General Assembly has the power to provide separate elections of the officers named above, or to extend their terms of office by the simple expedient of passing a general election.

The Constitution does not fix the interval between general elections, and, after the adoption of the present Constitution, annual general elections were held on the second Tuesday of October, until the General Assembly, in special session in 1869, provided for biennial general elections beginning with the year 1870. Acts 1869 (Spec. Sess.) ch. 30, p. 57. Under Art. 2, §14 (as amended in 1881), §102 Burns 1926, "all general elections shall be held on the first Tuesday after the first Monday in November"; and the combined effect of the biennial election act of 1869, and Art. 2, §14, is to make it necessary to elect prosecuting attorneys every two years at general elections held on the first Tuesday after the first Monday in November. Since Art. 18, §9, of the Constitution provides that the

first election for prosecuting attorney under the new Constitution "shall be held at the general election in the year one thousand eight hundred and fifty-two," and since Art. 7, §11, §178 Burns 1926, provides that "there shall be elected in each judicial circuit by the voters thereof, a prosecuting attorney, who shall hold his office for two years," it follows that the General Assembly of 1852 was merely carrying out the mandate of the Constitution when it enacted that, "at the general election in the year 1852 and every second year thereafter, there shall be elected in each judicial circuit a prosecuting attorney," etc. (Acts 1852, ch. 8, p. 85.) In view of the foregoing, the statement of appellant that "the legislature originally fixed the year 1852 as the year for holding an election for prosecuting attorney" is without legal significance and should not be used as the basis for conclusions respecting the power of the legislature of 1929 in the matter of fixing the date of or postponing the time of election of prosecuting attorney.

Appellant further insists that "prosecuting attorneys, being judicial officers, they cannot come within the rule laid down in the case of *Gemmer* v. *State, ex rel., supra,* as this case was decided as to county officers." As we understand the *Gemmer Case,* the significant facts respecting the office in question were that the Constitution created it, fixed the length of the term and further provided that the incumbents of the office should be elected at general elections; and, as already indicated, we think that these same facts exist as respects the office of prosecuting attorney. Furthermore, a comparison of the pertinent provisions of the unconstitutional act of 1903, and the act of 1929 discloses that the General Assembly is attempting to achieve its object by precisely the same method in both acts. The act of 1903 provided that: "In all cases where per-

sons were elected to any of said offices at the general election in November, 1902, for a term of two years, whose terms of office did not begin until after January 1, 1903, no successors to such officers shall be elected until the general election in the year 1906." (Acts 1903, ch. 13, p. 24.) The act of 1929, §11829 Burns Supp. 1929, contains the following: "In all judicial circuits in the State of Indiana wherein the prosecuting attorney elect has a commission which expires in December, 1931, there shall be no election held at the general election in November, 1930, for the purpose of electing prosecuting attorneys of said judicial circuits, but the election of prosecuting attorneys in said judicial circuits shall be held at the general election occurring in the year 1932 and every second year thereafter." It is apparent from these excerpts from the two acts that the purposed legal effect of each act "was to continue the persons to whom it applied in office after the expiration of the terms fixed by the Constitution, and beyond the time at which said offices might be filled by the voters of the counties at a general election," and to postpone "the choosing of the officers named until a general election beyond the one next preceding the expiration of the term."

Appellant also insists that there is a further distinction between the *Gemmer Case* and the case at bar in that the *Gemmer Case* "came up from the lower courts on the question of the treasurer's office and in it is involved that particular portion of the Constitution which prohibits a county treasurer from holding office more than four years out of six, a like provision as to the number of terms which a prosecutor may hold being absent from the Constitution." No doubt any provision of an act of the General Assembly which purports to remove the bar of ineligibility created by the Constitution would be invalid; but the theory of the act of 1903,

as well as of the act of 1929, is that the incumbent holds over by virtue of Art. 15, §3 of the Constitution and not by express legislative authority. As respects this point, we think the *Gemmer Case* merely holds that where the Constitution makes a person ineligible for "more than four years in a period of six years," §3, Art. 15 must be interpreted to mean that such person "shall hold over until his successor is elected at such general election next preceding the expiration of his term of office, and his qualification therefor." The opinion of the Court cannot be construed to mean that it was holding the entire act of 1903 unconstitutional because it apparently authorized ineligible incumbents to hold over. This is shown by the following statements from the opinion, at p. 163: "The act is objectionable for the further reason that it authorizes incumbents to hold their offices after they have become ineligible to do so. . . . The constitutional ineligibility of the incumbents attaches immediately upon the expiration of the second term, and a right to continue in the office for a further period until a successor shall be elected and qualified can not be created by an act of the legislature which deprives the voters of the power to choose such successor at a general election next preceding the expiration of the second term of the incumbent."

Since the act involved in the instant case is identical, as respects the purposed legal consequences and method employed, with the acts of 1901 and 1903 which affected county offices, and which were declared unconstitutional in the cases of *Russell* v. *State, ex rel., supra,* and *Gemmer* v. *State, ex rel., supra,* we conclude that these cases control the present case and we accept as sound both the reasoning and the result of those cases. Having construed the provisions of the Constitution to mean that prosecuting attorneys must be elected at general elections, we believe that the reasoning of Dowling, J.,

in the *Gemmer Case,* which is expressed in the following quotation, applies with equal force to elections for prosecuting attorney: "When the framers of the Constitution and the people who adopted it said in that instrument that 'there shall be elected in each county by the voters thereof, at the time of holding general elections,' the officers named, they could have meant nothing else than that the succession to these offices should be secured, without vacancies or unnecessary extensions of terms by holding over after the expiration of the constitutional terms, by the election by the voters of each county of successors to such officers, who would be ready to take the offices and discharge their duties immediately upon the expiration of the terms of the previous incumbents. The only natural and reasonable time for such selection would be at the general election next preceding the expiration of the term of the incumbent. If the power of the legislature to postpone the choice of the successors to the incumbents of these offices at such election is conceded, it follows that the time for the election of such successors rests wholly in the discretion of the General Assembly. If this is the law, the control of the offices affected is taken from the people and resides exclusively in the legislature." *Gemmer* v. *State, ex rel., supra,* p. 160.

We recognize that voting and holding office are political privileges subject to many regulations and restrictions; but we accept the following proposition laid down in the *Gemmer Case,* p. 159: "A declaration in the Constitution of political privileges, rights, or powers to be .exercised by the people of the State places them beyond legislative control or interference as effectually as if the instrument, in terms, declared that the people should not be deprived of them by an act of the General Assembly. The necessary implications arising from general provisions of this character are secondary in

importance only to the express letter of the Constitution itself." *Gemmer* v. *State, ex rel., supra.* The Constitution, as we construe it, guarantees to all persons of each judicial circuit who have the personal qualifications the privilege of presenting themselves as candidates for the office of prosecuting attorney, and likewise guarantees to the voters of each judicial circuit the privilege of voting for candidates for this office at each biennial general election; and these privileges "can not be taken away from them by the legislature, either directly, or indirectly, by an act postponing the choice of the officers named until a general election at which they might be elected has passed." (*Gemmer* v. *State, ex rel., supra,* p. 160.)

We accept as a correct statement of the law that the General Assembly can change the date of the beginning of the terms of constitutional offices and the General Assembly has at different times properly exercised this power. But we call attention to the following statement in *Russell* v. *State, ex rel., supra,* at p. 633: "The right to fix the commencement of the term and the right to deny an election are two very different things. The right to fix the commencement of the term must be so exercised as not to infringe upon the right of the voters every four years to furnish the person to fill the office; if it cannot be so exercised, it cannot be exercised at all."

This court will not declare an act of the General Assembly unconstitutional unless the act in question is clearly in violation of the Constitution for "to doubt merely, is to resolve in favor of the validity of the law." (*Spencer* v. *Knight, supra,* p. 577.) But we must not confuse the problem of determining whether an act violates the Constitution with the preliminary problem of determining the meaning of the Constitution. It is true, as appellant insists,

that there are no provisions in the Constitution which expressly require prosecuting attorneys to be elected at general elections, and no provisions which expressly prohibit the General Assembly's postponing the election of prosecuting attorneys beyond one or more general elections; but necessary implications from express provisions of the Constitution are as much a part of the Constitution as the express provisions themselves; and restrictions imposed upon the General Assembly by necessary implications can no more be ignored by the General Assembly or this Court than restrictions expressly imposed by the Constitution. The fact that the restriction violated by an act of the General Assembly is contained in a necessary implication, as distinguished from a restriction expressly set forth in words, does not in itself create a doubt which would require this Court to decide in favor of the constitutionality of the act.

No doubt there would be some advantage in having uniformity of beginning of terms of prosecuting attorneys and in having all prosecuting attorneys take office on the first of January next following their election. We are not concerned, however, with the need or propriety of any particular legislation, as that is a legislative question, and this Court will not pass upon either the motives or wisdom of the General Assembly. But the highest of motives and the achievement of a desirable result will not confer validity upon an act of the General Assembly which abrogates a specific right or privilege guaranteed to citizens by the Constitution.

We hold that the General Assembly was without power to dispense with the election of prosecuting attorneys at the general election of 1930 in the judicial circuits affected by ch. 27 of the acts of 1929, and to postpone elections of successors to the present incumbents until the general election of 1932; and consequently that said act was unconstitu-

tional and void. The trial court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

Myers, J., concurs with opinion in which Travis, J., concurs. Martin, J., absent.

### CONCURRING OPINION.

MYERS, J.—Appellant, pursuant to ch. 81, Acts 1927 p. 208, by petition, applied to the court below to have determined his status, rights and duties as prosecuting attorney of the Eighth Judicial Circuit after December 31, 1931.

The unquestionable facts, in substance, show that appellant, at the general election in November, 1928, was elected prosecuting attorney of the Eighth Judicial Circuit of Indiana, qualified and took office January 1, 1930, under a commission which will expire December 31, 1931; that the General Assembly, at its regular session in 1929, enacted a statute approved March 6, 1929, §11829 Burns Supp. 1929, which provides: Section 1. "That at the general election in the year 1930, and every second year thereafter, there shall be elected in each judicial circuit in the State of Indiana, a prosecuting attorney, who shall prosecute the pleas of the state in the courts of such circuit: Provided, however, That in all judicial circuits in the State of Indiana wherein the prosecuting attorney elect has a commission which expires in December, 1931, there shall be no election held at the general election in November, 1930, for the purpose of electing prosecuting attorneys of said judicial circuits, but the election of prosecuting attorneys in said judicial circuits shall be held at the general election occurring in the year 1932 and every second year thereafter." Section 2. "The term of office of every person hereafter elected prosecuting attorney of any judicial circuit in the State of Indiana shall begin on

the 1st day of January next succeeding his election." Ch. 27, Acts 1929 p. 49. That notwithstanding the provisions of the foregoing act, Scott Moser, appellee herein, and this appellant were each, at the primary election May 6, 1930, nominated as candidates for the office of prosecuting attorney for the Eighth Judicial Circuit and, upon separate party tickets, voted for at the general election held November 4, 1930, at which election appellee was declared elected and in due course the Governor of the State of Indiana commissioned him as such officer for the term commencing January 1, 1932; that although the act of 1929, *supra,* imperatively prohibited the election of a prosecuting attorney for the Eighth Judicial Circuit in 1930, still, appellee, Moser, is claiming his election was according to law, for the reason that the 1929 act is unconstitutional and void, and hence, on January 1, 1932, he will be entitled to the office to which he was elected and qualified; that an actual controversy has arisen between appellant and appellee as to their rights and duties respecting the office of prosecuting attorney of the Eighth Judicial Circuit beginning January 1, 1932, until January 1, 1933.

Appellant prayed for a declaratory judgment in his favor and other relief. Appellee answered by a general denial. Evidence was heard and the court found that the act of 1929, *supra,* was unconstitutional and void; that the election of appellee as prosecuting attorney for the Eighth Judicial Circuit was legal, and that his term of office commences January 1, 1932. Judgment in accordance with the findings. Appellant's motion for a new trial, on the ground that the decision of the court was contrary to law and not sustained by sufficient evidence, was overruled, and this ruling is here assigned as error.

In support of the judgment of the lower court, appellee, in effect, insists that the act of 1929, *supra,* vio-

lates Art. 7, §11 of our state Constitution, in that it postponed the election of prosecuting attorney for the Eighth Judicial Circuit beyond the 1930 general election, thus depriving the voters of that circuit of the right to elect a prosecuting attorney to succeed the present incumbent at the close of his term, December 31, 1931, citing *Gemmer* v. *State, ex rel.* (1904), 163 Ind. 150, 71 N. E. 478, 66 L. R. A. 82; *Russell* v. *State, ex rel.* (1909), 171 Ind. 623, 87 N. E. 13. Thus, the validity of ch. 27, *supra,* is challenged and is the decisive question in this case.

The words "article" and "section," or "Constitution" in this opinion refer to the Indiana Constitution.

True, as claimed by appellant, the cases cited and relied on by appellee involved the terms of county officers—treasurer and auditor—and that the term of each of these officers is fixed by the Constitution at two and four years respectively. Furthermore, the manner of their election and the time—at general elections—is settled by Art. 6, §2.

The particular section of the Constitution said to be violated by ch. 27, *supra,* is Art. 7, §11, §178 Burns 1926, which provides: "There shall be elected in each judicial circuit by the voters thereof, a prosecuting attorney, who shall hold his office for two years." The noticeable difference between this latter section and §2 is, there is no express constitutional provision requiring that prosecuting attorneys be elected at any fixed time or "at the time of holding general elections." Hence, appellant insists that, inasmuch as Art. 6, §2, *supra,* pertains to county officers alone and fixes their term of office, time of election, and ineligibility for a longer term, and that Art. 7, §11 refers to a judicial officer only with the single limitation as to the length of his term of office, legal principles applicable to the

one do not apply to the other. Thus we have the basis for his claim that the above cases cited by appellee are not controlling of the instant case.

In the *Gemmer Case* the act (Acts 1903 p. 24), held unconstitutional, postponed the election of a county treasurer beyond the time the incumbent's successor might be elected; and in the *Russell Case* the statute in question (Acts 1901 p. 411), held unconstitutional, deferred the beginning of the term of the county auditor beyond the quadrennial period when the voters had the right to elect. These cases were distinguished (*Russell* v. *State, ex rel., supra,* p. 629) from the cases of *Weaver* v. *State, ex rel.* (1899), 152 Ind. 479, 53 N. E. 450, and *Scott* v. *State, ex rel.* (1898), 151 Ind. 556, 52 N. E. 163. In my opinion, the decision in both the *Gemmer* and *Russell Cases* rests entirely upon the express provisions of Art. 6, §2, which includes important elements not found in Art. 7, §11. Therefore, it can hardly be said that those cases decide the real question at bar. However, the reasoning for the result thereby reached, is worthy of some consideration, but it must be restricted to the case before the court, and to that extent only is the decision an authority. *Pierce* v. *Blair* (1925), 196 Ind. 710, 149 N. E. 560. Since there is nothing in the Constitution fixing the time of electing prosecuting attorneys or when their terms of office shall begin, it may be reasonably argued, as appellant has done in this case, that the state Legislature may fix the beginning of terms of all such officers not fixed by the Constitution, for the reason there is no express or implied constitutional inhibition against it.

In March, 1881, Art. 2, §14, §102 Burns 1926, of the Constitution was amended so that "All general elections shall be held on the first Tuesday after the first Monday in November," instead of the second Tuesday in October, as provided in the Constitution of 1851. In

recognition of the foregoing amendment, the Legislature, in 1881, passed an act providing that "A general election shall be held on the first Tuesday after the first Monday in November in the year one thousand eight hundred and eighty-two, and biennially thereafter on the same day, at which election, all existing vacancies in office, and all offices the term of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law." Acts 1881 (Spec. Sess.) p. 482 (approved April 21, 1881), §7441 Burns 1926. Chapter 27, *supra*, does not provide for the election of prosecuting attorneys other than at a general election. Such an election was held in November, 1930. Under the law, the next general election will be held in November, 1932.

This court has said that prosecuting attorneys are not state, county or township officers, and has classified them as constitutional officers whose terms of office cannot be abridged or extended by the Legislature beyond the term fixed by the Constitution. *State* v. *Patterson* (1914), 181 Ind. 660, 105 N. E. 228; *State, ex rel.,* v. *Friedley* (1893), 135 Ind. 119, 34 N. E. 872, 21 L. R. A. 634; *Moser* v. *Long* (1878), 64 Ind. 189; *Russell* v. *State, ex rel., supra,* p. 629.

As we have seen, the Constitution has prescribed a two-year term for prosecuting attorneys, and, under §7441, *supra,* they are to be elected at general elections. It is conceded that appellant's term of office will expire December 31, 1931; that appellee was elected at the general election in November, 1930, and has qualified and will be entitled to take office January 1, 1932, unless his election was illegal.

It has been said that an election held at a time not authorized by law is void and "conferred no right to the office." *Kimberlin* v. *State, ex rel.* (1892), 130 Ind. 120, 29 N. E. 773, 14 L. R. A. 858, 30 Am. St. 208.

At this point it may be well to notice Art. 15, §3, §232 Burns 1926, which provides that: "Whenever it is provided in this constitution or in any law which may be hereafter passed that any officer, other than a member of the general assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified." The purpose of this constitutional provision was not to extend constitutional offices beyond the term for which they were elected, but to prevent vacancies in office except by death, resignation, removal and the like. *State, ex rel.,* v. *Harrison* (1888), 113 Ind. 434, 16 N. E. 384, 3 Am. St. 663; *Kimberlin* v. *State, ex rel., supra.*

Appellant's term of office—two years—as determined by the Constitution under the ruling of this court, ends when his successor is elected and qualified. *Steinback* v. *State, ex rel.* (1872), 38 Ind. 483; *Koerner* v. *State, ex rel.* (1897), 148 Ind. 158, 47 N. E. 323; *State, ex rel.,* v. *Bemenderfer* (1884), 96 Ind. 374. In *State, ex rel.,* v. *Harrison, supra,* in speaking of an officer's right to hold over, it was said: "This right to hold over continues until a qualified successor has been elected by the same electorial body as that to which the incumbent owes his selection, or which by law is entitled to elect a successor."

In my opinion, a fair interpretation of §11, *supra,* when construed in the light of the rulings of this court to which I have called attention, serves to inhibit the Legislature from passing any law that would prevent the voters electing prosecuting attorneys at each biennial general election, thereby avoiding extending a constitutionally fixed term or the creating of a vacancy. If the Legislature may postpone the filling of a constitutional office, where the commencement of the term is not fixed, beyond the time, as here, a successor should

be elected, on the theory of power to fix the beginning of the term, then clearly the obvious effect of such legislation would be to indirectly increase the term, which all of the authorities agree cannot be done. We, therefore, hold that ch. 27, *supra*, is unconstitutional and void.

Appellant makes the point that, inasmuch as the Legislature of 1852 had the right to fix the time for electing prosecuting attorneys, then each succeeding Legislature, including the Legislature of 1929, had the inherent right to change the date for holding such elections.

Our state Constitution consists of 16 articles, followed by what the framers thereof designated as a "schedule." 1 R. S. 1852 p. 70. It is true, the ninth clause of this "schedule" provides that the first election for prosecuting attorney under the new constitution "shall be held at the general election in the year" 1852. Prior to the taking effect of the Constitution of 1851, prosecuting attorneys were elected by popular vote, so that clauses 9 and 10 together continued in office any such officer then in office or elected to such office before the taking effect of the Constitution until his term of office expired, but not longer than the term prescribed in the new Constitution. These clauses were adopted, as stated in the introductory statement of the "schedule," for the purpose of avoiding any inconvenience that might arise from the change of government. They were of limited duration and have long since served their purpose.

I shall not take the time and space necessary to analyze the legislative enactments of January 27, 1847, January 16, 1849 and February 14, 1851, with reference to the election of prosecuting attorneys, by reason of which the terms of these officers expired at different times, and clauses 9 and 10, *supra*, took care of this situation. Whether a prosecuting attorney for the

Eighth Judicial Circuit was elected in 1852, I am not advised. However, neither Brown nor Johnson counties was a part of that circuit at that time. As a matter of information, prior to the 1852 election, Brown was a part of the First and Johnson a part of the Fifth Judicial Circuit until May 5, 1869, when both of these counties became a part of the Twenty-Eighth Circuit. March 6, 1873, Shelby and Johnson counties composed the Sixteenth and Brown and Bartholomew the Ninth Circuit. February 28, 1899, Johnson and Brown counties were made the Eighth Judicial Circuit and have continued as such until this time. This last contention of appellant is not well taken.

I concur in affirming the judgment.

I concur in this opinion, Travis, C. J.

### DISSENTING OPINION.

MARTIN, J.—I believe it has not been definitely demonstrated that the enactment of ch. 27, Acts 1929, §11829 *et seq.* Burns Supp. 1929, violated any provision of the Indiana Constitution.

The act provides that:

"at the general election in . . . 1930, and every second year thereafter, there shall be elected in each judicial circuit . . . a prosecuting attorney . . . provided . . . that in all . . . circuits . . . wherein the prosecuting attorney elect has a commission which expires in December 1931, there shall be no election held . . . in November 1930, for . . . prosecuting attorneys . . . but shall be held at the general election . . . in . . . 1932 and every second year thereafter,"

and that:

"the term of office of every person hereafter elected prosecuting attorney of any judicial circuit . . . shall begin on the first day of January next succeeding his election."

Prior to the enactment of this law, the prosecuting attorney of the Eighth Judicial Circuit, as well as the

prosecuting attorneys of 12 other circuits, were elected in November, 1928, but did not take office until January, 1930, and their commissions expired December 31, 1931. In the remaining 63 judicial circuits of the state the prosecuting attorneys elected in November, 1928, took office in January, 1929, their commissions expired in December, 1930, and their successors, elected in November, 1930, took office in January, 1931, and hold commissions which will expire December 31, 1932. The purpose and the effect of the act of 1929 was to remedy the situation wherein some of the prosecuting attorneys did not take office until more than a year after their election and to provide a method whereby the time of the election of prosecuting attorneys in the several circuits, the time of their taking office and the expiration of their several terms of office, would be made uniform throughout the state. In view of the Constitution's provision that a prosecuting attorney "shall hold his office for two years," and the fact that general elections are held biennially in the even-numbered years, it is apparent that the act of 1929 adopted the only solution to the problem.

The Constitution of 1852[1] (effective November, 1851) provides by §11, Art. 7 (§178 Burns 1926), that: "There shall be elected in each judicial circuit by the voters thereof, a prosecuting attorney, who shall hold his office for two years," and by §3, Art. 15 (§232 Burns 1926), that: "Whenever it is provided in this constitution or in any law which may be hereafter passed that any officer, other than a member of the general assembly, shall hold his office for any given term, the

*Note 1.* The Constitution of 1816 contained nothing with reference to prosecuting attorneys. The following acts passed prior to 1852 show the history of the office, the manner of selection, for what terms, etc.: Acts 1824 p. 427; Acts 1826 p. 58; Acts 1827 p. 22; R. S. 1831 p. 88; R. S. 1838 p. 87; R. S. 1843 p. 1020; Acts 1843 p. 22; Acts 1847 p. 53; Acts 1851 p. 141.

same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified."

Sections 10 and 11 of the "Schedule" of the Constitution (denominated §§10 and 11 of Article 18 in the present revision of the Statutes, §243 Burns 1926), provides that:

"The first election for . . . prosecuting attorney . . . under this constitution shall be held at the general election in . . . one thousand eight hundred and fifty-two; and such of said officers as may be in office when this constitution shall go into effect shall continue in their respective offices until their successors shall have been elected and qualified.

"Every person elected by popular vote, and now in any office which is continued by this constitution; and every person who shall be so elected to any such office before the taking effect of this constitution . . . shall continue in office until the term for which such person has been, or may be, elected . . . . in office after the taking effect of this constitution for a longer period than the term of such office in this constitution prescribed."

The time for holding general elections is provided by the Constitution. Section 14, Art. 2, of the Constitution of 1852, providing that "All general elections shall be held on the second Tuesday in October," was, on March 14, 1881, amended to read as follows:

"All general elections shall be held on the first Tuesday after the first Monday in November; but township elections may be held at such time as may be provided by law. Provided, That the general assembly may provide by law for the election of all Judges of courts of general and appellate jurisdiction by an election to be held for such officers only, at which time no other officers shall be voted for; and shall also provide for the registration of all persons entitled to vote."

While the Constitution provided when the first election thereunder for the office of prosecuting attorney should take place, it did not provide (nor did the amend-

ment of 1881 provide) any specified or uniform time when newly elected prosecuting attorneys should take office. Such time depended upon previous legislative action,[2] by which the beginning and expiration of the term of office in the several circuits were governed. There is no reason why the Legislature does not have the right to change the beginning of the term of a subsequent prosecuting attorney for the purpose of eliminating an undesirable delay between the time of his election and the time when he takes office, and of making uniform the time of election and the time of taking office of all prosecuting attorneys, provided the postponement necessary to accomplish that purpose is not so great as to raise a presumption of a design to deprive the office of its elective character.

The Legislature can neither abridge nor lengthen the term of a Constitutional office, but there is in the Constitution no denial of power in the Legislature to postpone the date of elections and readjust the terms of offices, where the object is to regulate the time of holding elections and not merely to extend the term of incumbents. *Scott* v. *State, ex rel.* (1898), 151 Ind. 556, 52 N. E. 163; *State, ex rel.,* v. *Menaugh* (1898), 151 Ind. 260, 51 N. E. 117, 43 L. R. A. 408; *State, ex rel.,* v. *Burke* (1900), 154 Ind. 645, 57 N. E. 509; *Spencer* v. *Knight* (1912), 177 Ind. 564, 98 N. E. 342; *Wilson* v. *Clark* (1901), 63 Kans. 505, 65 Pac. 705; *State, ex rel.,* v. *Andrews* (1902), 64 Kans. 474, 67 Pac. 870. A legislative act which postpones the date of an election and provides that the incumbent shall hold office during the interim is valid unless the postponement is so great as to raise the presumption of a design substantially to deprive the time of its elective character. 12 C. J. 751.

Fixing the time of commencement of the term of

---

*Note 2.* See, in addition to statutes cited in Note 1, the following: Acts 1852 p. 85; R. S. 1852 p. 260; Acts 1869 p. 57.

office at a date subsequent to the expiration of an incumbent's term causes a vacancy at the end of such incumbent's term, if he is ineligible, but if he is eligible, he will hold over under §3, Art. 15, Constitution, §232 Burns 1926. *State, ex rel.*, v. *Menaugh, supra; Scott* v. *State, ex rel., supra; Weaver* v. *State, ex rel.* (1899), 152 Ind. 479, 53 N. E. 450; *State, ex rel.*, v. *Wells* (1895), 144 Ind. 231, 235, 41 N. E. 461, 43 N. E. 133; *Spencer* v. *Knight, supra;* 22 R. C. L. 549, §249.

The readjustment of the terms of office of a certain portion of the prosecuting attorneys of the state by the act of 1929 so as to eliminate a year's delay in their taking office, and making uniform the time of election and taking office is a reasonable one and the postponement necessary to accomplish that purpose is not so great as to raise a presumption of a design to deprive the office of its elective character. *Spencer* v. *Knight, supra; Jordan* v. *Bailey* (1887), 37 Minn. 174, 33 N. W. 778; *State, ex rel.*, v. *McGoveny* (1887), 92 Mo. 428, 3 S. W. 867; *State, ex rel.*, v. *Ranson* (1880), 73 Mo. 78, 89; *Wilson* v. *Clark, supra; State, ex rel.*, v. *Andrews, supra.*

If a law were passed providing for the holding over, or for the appointment of a prosecuting attorney, for a period of two years or more, objection might well be made thereto. But where, as here, the term of a prosecuting attorney expires midway between two biennial elections, and the Legislature selects the simple and effective method it did to remedy that situation, it cannot be said that the people have been denied any right to vote guaranteed them by the Constitution. Such a change is admittedly a much needed one, and I see no reason why it is not capable of lawful accomplishment by legislative action without the necessity of constitutional amendment.

The decision herein seems to be based (not upon the

ground relied upon by appellee in his brief that the act of 1929 violates §11, Art. 7 and §3, Art. 15 of the Constitution, but) upon the ground that the election of a prosecuting attorney in the Eighth Judicial Circuit could not be postponed from 1930 until 1932 by the act of 1929, and that such act is invalid, for the reason that prosecuting attorneys must be elected at every general election, which election must be held on the first Tuesday after the first Monday in November, biennially in the even-numbered years and that such act deprives the people of the right to vote for a prosecuting attorney at a biennial general election.

As a general proposition the people do have the right to vote for prosecuting attorney at every general election, but it cannot be said that such a right is guaranteed by the Constitution. The fact that the people usually do have this right arises incidentally from the provisions of the Constitution, but as shown by the authorities hereinbefore cited the right is clearly subject to the qualification made by such a law as ch. 27, Acts 1929.

Section 1, ch. 47, Acts 1881 (Spec. Sess.) p. 482, §7441 Burns 1926 (enacted following the amendment of §14, Art. 2 in 1881), provides that:

"A general election shall be held on the first Tuesday after the first Monday in November in the year one thousand eight hundred and eighty-two, and biennially thereafter on the same day, at which election, all existing vacancies in office, and all offices the term of which will expire before the next general election thereafter, shall be filled, *unless otherwise provided by law*." (Our italics.)

The general provisions of this statute cannot serve to avoid the specific provisions of the act of 1929, by which the Legislature has "otherwise provided by law."

Authority for the decision made in the case at bar is found in the cases of *Gemmer* v. *State, ex rel.* (1904),

163 Ind. 150, 71 N. E. 478, 66 L. R. A. 82, and *Russell* v. *State, ex rel.* (1909), 171 Ind. 623, 87 N. E. 13. In both of those cases, as here, the court seems to assume that the provision of the act of 1881, *supra,* that at general elections vacancies in "all offices the terms of which will expire before the next general election shall be filled," is a requirement of the Constitution and not merely of the statute, which includes the exception "unless otherwise provided by law."

The court here fails to recognize and give effect to the well-established rule that fixing the time for the commencement of a term of office at a date subsequent to the expiration of an incumbent's term causes a vacancy if the incumbent is ineligible or will permit him to hold over under §3, Art. 15, if eligible, when it holds that the fixing of such date for the commencement of the term of office unlawfully attempted to lengthen the term of the incumbent's office for a period of one year.

The reasoning contained in the *Gemmer* and *Russell Cases* is not in harmony with that of the other Indiana cases, both earlier and later, and to the extent that the *Gemmer* and *Russell Cases* would conflict with the reversal of the judgment herein, I believe they should be overruled.

I am of the opinion that ch. 27, Acts 1929, §§11829, 11829.1 Burns Supp. 1929 is valid and not in violation of the Constitution, that the purported election of appellee Moser as prosecuting attorney of the Eighth Judicial Circuit, contrary to the express provisions of this law, was invalid and void, that the appellant Robinson, the duly elected prosecuting attorney whose commission expired December 31, 1931, is entitled under said act to continue in office until his successor, to be elected at the general election in 1932, is elected and has qualified and is eligible to succeed to the office on January 1, 1933; and that the judgment should be reversed.